NATHAN KOLETSKY, Admr., d.b.n.
(Estate of Harry Kesses)
vs.
PRESIDENTS AND DIRECTORS OF THE
HARTFORD RETREAT

Superior Court      New Haven County        File #40695

Present:  Hon. CARL FOSTER, Judge.

Joseph Koletsky,                Attorney for the Plaintiff.

Robinson, Robinson & Cole,   Attorneys for the Defendant.

MEMORANDUM FILED JUNE 23, 1936.

FOSTER, J.  The grounds of this demurrer are general and not special.  The demurrer simply alleges that the parts

of the answer to which it is directed do not constitute a legal defense to the cause of action set forth in the complaint. Nevertheless, the parties concede that the demurrer squarely raises the question as to whether or not an eleemosynary corporation is liable for its corporate tortious acts, as distinguished from the tortious acts of its agents and servants.

Referring to the substituted complaint, the words "agents and servants" are carefully omitted. Many of the alleged acts of negligence must necessarily have been committed by agents and servants of the defendant. There are, however, alleged acts and omissions of acts which would be the acts and omissions of acts of the corporation, as distinguished from those of its servants and agents.

The decisions of courts of last resort of other jurisdictions are not in accord on the question here presented. Our Supreme Court of Errors has not decided this question.

It has been settled as the law of this State that a corporation such as the defendant is immune from responsibility for negligence of its agents and servants causing injury to its patients. It has been decided that such a corporation is not immune from responsibility for negligence of its agents or servants causing injury to a stranger.

Since it is the law of this State that such a corporation as the defendant may be liable to strangers for tortious acts, whether committed by itself or by its agents or servants, it may be held to be established that such a corporation is not immune from actions at law for tortious acts and that, when it is liable, it must answer for such liability in damages, even though its resources may be derived largely from gifts and donations and even though the corporation is purely eleemosynary in its character. That such a corporation is immune from liability for the tortious acts of its agents or servants is the settled law of this State. If it be the law that in some cases, such as where injury has been caused to a stranger, it may be liable, then surely such a corporation should be liable for its own corporate tortious acts, even though the injury from such acts be to its own patients.

Much space and time might be taken in discussing this question at great length and many decisions might be cited in support of conclusions reached. From such discussion and citation I refrain. I simply call attention to the three cases

in which our Supreme Court of Errors has discussed the general subject.

Hearns vs. Waterbury Hospital, 66 Conn. 98; Cohen vs. General Hospital Society, 113 Conn. 188; Cashman vs. Meriden Hospital, 117 Conn. 585.

The demurrer is sustained.