CITY OF HARTFORD *v.* THE HARTFORD ELECTRIC LIGHT COMPANY

CONNECTICUT CITIZEN ACTION GROUP ET AL. *v.* THE CONNECTICUT LIGHT AND POWER COMPANY ET AL.

HARTFORD CONSUMER ACTIVISTS ASSOCIATION ET AL. *v.* THE HARTFORD ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* THE HARTFORD ELECTRIC LIGHT COMPANY ET AL.

OFFICE OF CONSUMER COUNSEL *v.* THE CONNECTICUT LIGHT AND POWER COMPANY ET AL.

LOISELLE, LONGO, RUBINOW, NARUK and HAMILL, Js.

Submitted on briefs June 29—decision released July 26, 1977

*Ralph C. Dixon and Palmer S. McGee,* on the rief, for the appellants (named defendants).

*Robert S. Golden, Jr.,* assistant attorney general, on the brief, for the appellee (defendant Public Utilities Control Authority).

*Alexander A. Goldfarb, Peter G. Boucher,* and *Mary Hennessey,* corporation counsel, on the brief, for the appellees (city of Hartford, Connecticut Citizen Action Group et al., Hartford Consumer Activists Assn. et al.).

*David Silverstone,* on the brief, for the appellee (plaintiff Office of Consumer Counsel).

PER CURIAM. In the above-captioned matters, it is ordered that the following "Agreement as to Judgment," dated June 28, 1977, be entered as the judgment of this court:

### Agreement as to Judgment

The parties to the above-captioned appeals hereby agree that judgment may be rendered as follows:

1. The judgments rendered by the Court of Common Pleas in Hartford County (*Bieluch, J.*) on March 31, 1976, are hereby modified so as not to require any action on remand by the public utilities control authority (PUCA) and to conform with a distribution of refunds by the defendant companies to their ratepayers, a payment to the Connecticut fuel bank and a payment of expenses in the aggregate amount of $5,980,000, which distribution and payment shall be as follows:

a. Street and Security Lighting. Of the $5,980,000, the amount of $3,200,000 is to be refunded to street and security lighting customers by the defendant companies, with $1,598,000 allo-

cated to such customers billed under the Connecticut Light & Power Company's (CL&P) rate 116 and $1,602,000 to such customers billed under the Hartford Electric Light Company's (HELCO) rates 60 and 61. The amount of the refund will be determined for each customer by dividing the total dollars of the refund for the applicable company by the total street and security lighting revenues billed by such company under the above rates to customers for the years 1975 and 1976, and multiplying the resulting factor by the total revenue received by such company under the rates from each such customer for the same two-year period. The street and security lighting revenues and customers for this purpose will include only those customers and revenues from such customers billed under CL&P's rate 116 or HELCO's rates 60 or 61. Only customers who actually paid bills for street and security lighting service during 1975 or 1976 shall receive the refunds.

b. Refunds to Non-Street and Security Lighting Customers. Of the $5,980,000, the amount of $2,195,000 is to be refunded by the defendant companies to all retail customers other than those customers receiving a refund pursuant to subparagraph (a). The amount of the refund applicable to each CL&P and HELCO retail electric or gas customer will be determined by dividing the total dollars of such refund ($2,195,000) by the sum of (i) the total number of retail customers of both CL&P and HELCO who were connected to their respective lines on March 31, 1977, and (ii) the total number of former retail customers of CL&P and HELCO who have provided their forwarding addresses by April 15, 1977, to the defendant companies or to the consumer counsel and who were connected to

the defendant companies' respective lines during any portion of the period from October 7, 1974, through March 30, 1977, but who were not connected to such lines on March 31, 1977. The resulting per capita refund shall be distributed to each of the companies' retail customers who are included in the computation contemplated by clauses (i) and (ii) above. The intent of this method of allocation is to provide one, and only one, such refund to each qualifying customer regardless of whether the customer is only an electric or a gas customer of the Companies or is both an electric customer and a gas customer of the companies.

c. Reimbursement of Expenses. Of the $5,980,000, the amount of $495,000 is to be paid to the City of Hartford for the purpose of reimbursing it for its expenses incurred in contesting the 1974 and 1976 retail rate proceedings. The balance of the $495,000 which is not so expended, and not used by the city to reimburse itself for other expenses in connection with the litigation, shall be used within the general fund of the city.

d. Payment to fuel bank. The defendant companies will pay the sum of $90,000, representing the balance of the $5,980,000, into the state of Connecticut fuel bank.

e. Distribution and payment shall be as more fully described in a "Stipulation of Compromise and Settlement" dated May 12, 1977, as amended and on file with the clerk of this court.

2. The distributions and payments recited in paragraph 1 hereof are complete satisfaction of the judgments of March 31, 1976, and any judicial or administrative order or decision arising therefrom.

3. The distribution and payments are also complete satisfaction of any and all rights and obligations arising from the order of the Court of Common Pleas dated January 7, 1975, which order is the subject of the appeals of CL&P and HELCO dated January 8, 1975.

4. The findings and judgments of March 31, 1976, relating to late payment charges, are hereby modified accordingly.

5. No taxable costs are allowed.