MAURICE SENDAK ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF RIDGEFIELD ET AL.
(3934)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 10—decision released April 29, 1986

*Barbara J. Wardenburg,* with whom, on the brief, was *Samuel M. Chambliss,* for the appellants (plaintiffs).

*Robert A. Fuller,* for the appellee (defendant The Portland Corporation).

BORDEN, J. This appeal arises out of a stipulated judgment whereby the named defendant, the planning and zoning commission of the town of Ridgefield (commission), and the defendant The Portland Corporation (Portland), agreed to settle several actions pertaining to Portland's repeated attempts to obtain approval of its applications for subdivision of real property. The plaintiffs appealed to the Superior Court challenging the commission's action in entering into the stipulated judgment. The court dismissed the plaintiffs' appeal. The principal issue before us is whether the commission's decision to enter into a stipulated judgment in settlement of litigation with Portland constitutes "an official action or decision of a planning commission" within the meaning of General Statutes § 8-28 so as to confer jurisdiction upon the trial court to decide the plaintiffs' appeal from that decision. We hold that, under the facts and circumstances of this case, this settlement of litigation does not constitute such an official action or decision and, accordingly, we find no error in the trial court's dismissal of the plaintiffs' appeal.

The facts, which are not in dispute, are best understood in the context of the following history. In 1979, Portland made its first application to the commission for subdivision of Portland's property into fifteen lots. There are two steps in that application process: (1) designation of the property as suitable for subdivision; and (2) approval of the subdivision plan. The commission denied the application and Portland appealed to the Superior Court (the first appeal). In April, 1980, the commission and Portland entered into an agree-

ment whereby the commission agreed to designate and approve an eleven lot subdivision upon Portland's submission of an eleven lot application. Portland submitted the application, the commission approved it, and the plaintiffs appealed the commission's decision to the Superior Court claiming to be aggrieved as abutting and as nearby landowners (the second appeal). While the second appeal was pending, on September 29, 1980, the agreement between Portland and the commission was incorporated into a stipulated judgment of the Superior Court in the first appeal. Thereafter, the Superior Court ruled in the second appeal that the commission's decision on Portland's resubmitted application was invalid because it had not been published. The commission subsequently published the decision to approve that application.

In April, 1983, Portland submitted a new application to the commission seeking designation and approval of a twelve lot subdivision. In June, 1983, the commission granted the application in part; the property was designated for subdivision but the twelve lot plan was not approved. Portland appealed the denial of this application to the Superior Court (the third appeal). While this third appeal was pending, Portland submitted an eleven lot application similar to the prior application, which had been fully approved by the commission and incorporated into the court's judgment in the first appeal. On December 6, 1983, the commission voted to deny the eleven lot application, and Portland appealed that decision to the Superior Court (the fourth appeal). Meanwhile, the plaintiffs had moved to intervene in both the third and fourth appeals, which motions were not immediately ruled upon.

In June, 1984, Portland initiated a mandamus action against the commission to compel compliance with the Superior Court's judgment of September 29, 1980, which was rendered in the first appeal. The trial of that

action commenced on July 2, 1984, and, upon hearing part of the evidence, the trial court, *Lavery, J.,* continued the proceedings to a later date so that counsel for the commission could meet with the commission members to discuss possible settlement of all of the pending litigation between the commission and Portland. On July 10, 1984, the commission members met with their counsel in an executive session and, immediately thereafter, the commission passed a resolution authorizing its counsel to enter into a stipulated judgment with Portland in settlement of all pending litigation upon Portland's agreement to certain terms and conditions. On July 13, 1984, Portland met with counsel for the commission and the town planner, and reached a settlement agreement which was conditioned upon, inter alia, the termination of all of the pending litigation. On July 16, 1984, the Superior Court, *Moraghan, J.,* denied the plaintiffs' motions to intervene in the two pending appeals, namely, the third and fourth appeals. On July 17, 1984, the commission met with its counsel and the town planner in executive session and, immediately thereafter, passed a resolution confirming its agreement with Portland and confirming its intent to enter into stipulated judgments in all of the pending litigation. On July 18, 1984, the court, *Lavery, J.,* rendered judgment for Portland in the mandamus action, in the fourth appeal and in a related wetlands appeal, and Portland thereafter withdrew the third appeal in accordance with the stipulation. On July 19, 1984, the commission published legal notice indicating that a stipulated judgment had been rendered.

By petition dated August 1, 1984, the plaintiffs, as abutting and nearby landowners, initiated the appeal to the Superior Court which is the basis of this case. They alleged, inter alia, that the commission's decision to enter into a stipulation for judgment in the pending

litigation with Portland was invalid because it was done arbitrarily, illegally and in abuse of the commission's power and discretion. Portland moved to dismiss the appeal for lack of subject matter jurisdiction. The trial court, *Moraghan, J.,* granted Portland's motion and rendered judgment dismissing the plaintiffs' appeal. The plaintiffs' now appeal to this court from that judgment of the trial court. They claim that General Statutes § 8-28 permits an appeal by aggrieved persons from an official action or decision of a planning commission, and that the commission's decision to enter into a stipulated judgment in settlement of the pending litigation between Portland and the commission is such an official action or decision. We disagree.

"It is well settled that appeals to courts from administrative officers or boards exist only under statutory authority and that unless a statute provides for such appeals, the courts are without jurisdiction to hear them." *Allied Plywood, Inc.* v. *Planning & Zoning Commission,* 2 Conn. App. 506, 509, 480 A.2d 584 (1984). Where no such statutory authority exists, dismissal of the appeal is the proper remedy. Id.

General Statutes § 8-28 provides in pertinent part that "any person aggrieved by an official action or decision of a planning commission, including a decision to take no action . . . may appeal therefrom . . . to the superior court for the judicial district within which the municipality with such planning commission lies." Where, as here, the plaintiffs seek to challenge by way of an appeal the decision of a planning commission to settle an already pending appeal in which the same plaintiffs have sought to intervene, two competing social interests are present.

One is the powerful interest in the promotion of settlement of litigation by agreement of the parties. See, e.g., *Blake* v. *Levy,* 191 Conn. 257, 264, 464 A.2d 52

(1983). Our Supreme Court has clearly recognized that this interest applies to administrative proceedings by explicitly approving a stipulation for judgment in an administrative appeal then pending before it. See *Hartford* v. *Hartford Electric Light Co.*, 173 Conn. 340, 377 A.2d 1090 (1977). This interest would be seriously undercut if, after a planning commission has in good faith settled a pending appeal by agreeing to a stipulated judgment, that settlement could be challenged by a subsequent appeal by third parties.

The other powerful competing social interest is the need for protection of the integrity of the land use planning process. This interest derives from the recognition that, where an initially unsuccessful applicant before a planning commission takes an appeal to the court, the applicant and the commission could abuse the entire process by collusively stipulating to a judgment in the applicant's favor, and thus evade both judicial review and effective scrutiny by potentially aggrieved neighbors whose attempts to intervene had not yet been acted upon.[1] This recognition derives, in turn, from the reality that there are cases in which "the propriety of the conduct of the commission is open to criticism." *Mills* v. *Town Plan of Zoning Commission*, 145 Conn. 237, 241, 140 A.2d 871 (1958).

In order to preserve a proper balance between these interests, we conclude that whether a planning commission's decision to settle a pending appeal constitutes an official action or decision within the meaning of General Statutes § 8-28 so as to permit an appeal there-

---

[1] Recent legislation, enacted subsequent to these proceedings, provides for a court hearing prior to the settlement or withdrawal of a pending appeal from a land use decision and requires that the court approve such a settlement or withdrawal as a condition of its validity. Public Acts 1984, No. 84-227. This legislation, which the plaintiffs do not claim to apply to this case, is a legislative recognition of the competing interests which we have identified. It recognizes both the legitimacy of settlement of zoning cases and the need for judicial scrutiny in order to avoid abuse of the process.

from by third parties must be resolved on a case by case basis. We therefore hold that, absent bad faith, collusion or other improper conduct by the parties, a planning commission's decision to settle an appeal by way of a stipulated judgment is not an official action or decision within the meaning of the statute, and a further appeal to the court does not lie from that decision.

Our review of this record indicates that there was no bad faith, collusion or other improper conduct. As the procedural history indicates, the litigation between Portland and the commission was generated over a period of years as Portland repeatedly attempted to gain approval of its subdivision applications. Although this protracted time period alone is not dispositive, it does suggest an arms length if not an adversarial relationship between Portland and the commission. There is no indication of collusion in the actions of either party. Although Portland representatives did meet with counsel for the commission on one occasion, there is no indication that any member of the commission met secretly with Portland. Indeed, the precipitating event which prompted these settlement discussions was the commencement of Portland's mandamus action against the commission. The fact that the mandamus action reached the trial stage is a persuasive indicator that the commission was not acting in collusion with its opponent. In this regard, the brief of counsel for the commission points out that the commission, as the defendant in the mandamus action, faced potential exposure to a substantial award for damages in favor of Portland had that action proceeded to judgment. This is a further indicator of the motivations upon which the commission acted which, combined with the other factors, leads to the conclusion that it acted in good faith.

There is no error.

In this opinion the other judges concurred.