[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT BY STIPULATION
The plaintiff Rocky Hill Associates Limited Partnership (RHA) and one of the defendants to the appeal the Rocky Hill Open Space and Conservation Commission have moved the court or judgment by stipulation. Objection to this motion has been made by Apple Grove Condominium Association Inc. (Apple Grove) and Lexington Estates Condominium Association, Inc. (Lexington estates), the two remaining party defendants who are not signatories to the proposed stipulation.
Apple Grove and Lexington Estates urge this court to deny the proposed settlement citing six reasons as follows: (1) the settlement violates Conn. Gen. Stat. 22a-43 (c) because it does not have the consent of all parties to this appeal; (2) the settlement deprives the Associations of their rights, as intervenors, to participate in the appeal and voice their objections to RHA's revised wetlands proposal; (3) the proposed settlement was not reached in an arms-length manner; (4) the Commission's April 16, 1991 vote to approve the stipulated judgment is illegal because there is nothing in the record before this court to prove that the two members who were not on the Commission during the public hearings in 1990 sufficiently informed themselves before voting on the stipulation, or that the commission reviewed the stipulation for compliance with applicable statutes and regulations; (5) the revised wetlands proposal and settlement agreement were adopted at a special meeting and have never been presented to the Commission, the intervenors, or the public at a hearing; and (6) the intervenors believe that the revised proposal does not comply substantively with state statutes and the Commission's own regulations, and absent a complete review of CT Page 5401 the record in this appeal, this court is not equipped to decide the merits of this objection.
The following facts are not in dispute. The plaintiff RHA applied to the defendant Rocky Hill Open Space and Conservation Commission ("Commission") on February 20, 1990 for the approval of a permit to conduct a retail shopping center. Apple Grove and Lexington Estates abut the proposed shopping center on the east and south. On April 25, 1990, Apple Grove and Lexington Estates intervened in RHA's application pursuant to 22a-19 of the Connecticut General Statutes and thereby became full parties to the proceedings.
Public hearings on the proposed application were held on April 25, 1990 and May 9, 1990. On July 11, 1990, the Commission denied RHA's application for the following reasons:
 (1) Section 8.2.a of the Rocky Hill Inland Wetlands and Watercourses Regulations including the adverse environmental impacts to wildlife that the proposal will cause.
 (2) Section 8.2.b — Prudent and feasible alternatives were not adequately addressed. Alternatives which might enhance the environmental quality or have a less detrimental affect were not adequately looked at.
 (3) Section 8.2.d — The irreversible and irretrievable commitments which would be involved in the proposed activity. Changing the use from wetlands to blacktop would cause irreversible damage to occur. (4) Section 8.2.f — The unsuitability of such activity to the area which is proposed; that the activity is not consistent with plans for development proposed for the Town with the need to protect the environment and ecology for the people.
RHA appealed from the Commission's denial of August 3, 1990. RHA named Apple Grove and Lexington Estates as defendants.
During the pendency of the appeal RHA inquired of Rocky Hill Wetlands and engineering staff as well as of the Rocky Hill Town attorney what modifications to their plan were necessary to obtain approval by the Commission. Following CT Page 5402 these inquiries and responses thereto RHA asked for and was given time before the Commission on March 13, 1991, the Commission's regularly scheduled meeting. The Commission notified Apple Grove and Lexington Estates that this matter was on its agenda. On March 13, 1991, RHA introduced the testimony of two expert witnesses. The March 13, 1991 proceeding was not a noticed public hearing on the proposed revision. Apple Grove and Lexington Estates, therefore, had no notice other than the information that the matter would appear on the Commission's regular agenda; and though they were present, they did not participate, cross-examine or comment.
On March 21, 1991 the Commission met in an executive session and voted on the revised plan which had been submitted to them by RHA and authorized their attorney to settle the appeal.
Of the six reasons put forth by the defendants Apple Grove and Lexington Estates, we need go no further than that of unfair dealing between the parties. Section 22a-43 (c) of the Connecticut General Statutes requires court approval of any settlement of an appeal from the decision of an inland wetland commission.
 (c) No appeal taken under subsection (a) of this Section shall be withdrawn and no settlement between the parties to any final appeal shall be effective unless and until a hearing has been held before the superior court and such court has approved such proposed withdrawal and settlement.
The purpose of requiring court approval is to avoid the possibility of any unfair dealings between the parties. See Hearings on S. 496 Before the House of Representatives, 1984 Sess. 328; See also Sendak v. Planning and Zoning Commission,7 Conn. App. 238 (1986).
In the instant case we find that the defendants Apple Grove and Lexington Estates did not have fair notice of what the Commission intended to allow RHA to put before it at the Commission's regularly scheduled meeting of March 13, 1991. Without this information the defendants Apple Grove and Lexington Estates were deprived of the opportunity to have their experts present to further address and/or rebut new testimony put before the Commission by RHA.
Conn. Gen. Stat. 22a-43 (c) does not intend that the court be the forum for deciding on the kind of plan the CT Page 5403 Commission should be approving. Where as here it is clear that two of the party defendants have not had the opportunity to address the revised proposal it is incumbent upon the Commission to provide the party defendants the opportunity to do so before putting a settlement proposal before this court. Accordingly, the motion for judgment by stipulation is denied.
M. HENNESSEY, J.