[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9548
This is an appeal from a decision of the Stratford Planning Commission, which denied the plaintiffs' request for an extension of time to submit final subdivision plans. The Commission had previously given preliminary approval to the proposed subdivision, and granted two prior extensions of time to file the final subdivision plan. The appeal raises two issues: (1) the authority to grant extensions to file final subdivision plans after preliminary approval of subdivisions, and (2) whether a second count can be added to a planning commission appeal as to events which occurred after the appeal was taken.
The plaintiffs are the contract purchasers of the property on West Broad Street in Stratford which is the subject of this appeal. A contract purchaser of real property has a sufficient interest in it to appeal the denial of the application to develop that property. Shapero v. Zoning Board, 192 Conn. 367, 376;Shulman v. Zoning Board of Appeals, 154 Conn. 426.
On October 30, 1990 the Commission granted preliminary subdivision approval for a 19 lot subdivision of the property subject to numerous conditions. One condition was that final plans had to be submitted within one year of preliminary approval. The Commission granted the plaintiffs a one year extension of the preliminary approval in 1991, and an additional one year extension in 1992, extending it to October 30, 1993. The plaintiffs then filed another request for a one year extension which was not granted, but the Commission did give the plaintiffs one additional month and a final deadline of November 30, 1993 to submit final subdivision plans. This appeal was initially taken only from that decision.
The Commission's regulations which were in effect when the plaintiff filed a preliminary subdivision application in 1990 allowed that procedure, but the subdivision regulations were later amended (effective August 8, 1993) to eliminate preliminary approvals. There is no provision in the subdivision statutes for preliminary subdivision applications or preliminary approval. InFinn, Trustee v. Planning Zoning Commission, 156 Conn. 540,545, 546, it was held that the subdivision statutes do not authorize a planning commission to have a procedure in its regulations for submission of a preliminary plan and for preliminary approval of a subdivision as a condition precedent to CT Page 9549 final approval. While a planning commission may engage in informal or preliminary review of a subdivision application for practical reasons and to assist both the applicant and the commission, any conclusions reached would at most be advisory, and certainly would not create any vested rights for the applicant. Under our statutes only a final subdivision plan approved by the planning commission can be recorded (§ 8-25
C.G.S.), and only final plans are given protection from changes in zoning or subdivision regulations. See §§ 8-26a, 8-28a and8-26b C.G.S.
While the preliminary approval of the subdivision in 1990 had no legal effect, even if it did the Commission is not required to grant multiple extensions of time for filing a final subdivision application. Even where regulations permit extensions, the Commission would have reasonable discretion in determining whether to grant one. The plaintiffs already had two extensions, and could not assure the Commission at the meeting of October 26, 1993 that an acceptable final plan could be submitted if another one year extension was granted. The plaintiffs claimed that bureaucratic difficulties with the Department of Housing and other agencies, and problems in obtaining financing justified the previous delays. Whether or not the Commission accepted this excuse, it had no obligation to grant another extension. The court cannot substitute its judgment for the decision of the Commission.
On November 4, 1993 the Commission denied the plaintiffs' request for a one year extension of the preliminary approval and granted an extension only to November 30, 1993. On November 30, the plaintiffs took this appeal and also filed a final subdivision application with the Commission. That application was later denied by the Commission because it was incomplete and did not comply with all of the requirements of the subdivision regulations for final subdivision approval. The plaintiffs claim it did comply and appealed the denial of the final application. See Nicholas E. Owen, II, et al v. Planning Commission of Town ofStratford, CV94-0310652, Superior Court at Bridgeport. The plaintiffs also filed an amendment to this appeal on January 7, 1994, to add a second count which makes similar challenges to denial of the final subdivision plan by the defendant. While the filing of the amendment to the appeal was allowed since it was filed within 30 days of the return date, as provided by § 175 of the Practice Book, the defendant claims that the court does not subject matter jurisdiction over the second count of the amended CT Page 9550 complaint.
The final subdivision plan was denied by the Commission on December 28, 1993, about one month after the appeal was taken. The plaintiffs have presented no authority for amending an existing appeal to challenge additional actions of a planning commission which occurred after an appeal is taken. Section 8-28
of the General Statutes requires an appeal from an action or decision of a planning commission to be taken pursuant to the provisions of § 8-8 of the General Statutes. Section 8-8(b) allows appeals from decisions to be taken only within 15 days from publication of a legal notice of the Commission's decision. The statute does not encompass events which occur after the initial appeal is taken, nor does it provide for amendment of existing appeals to rope in supplemental, subsequent actions of the Commission.
There is no right to take an administrative appeal from a decision of a planning commission except as allowed by statute.Tazza v. Planning Zoning Commission, 164 Conn. 187, 190; Sendakv. Planning Zoning Commission, 7 Conn. App. 238, 242. The remedy to challenge subsequent actions of a planning commission related to the same property is to take a separate appeal within the 15 day time limit in § 8-8(b). The plaintiffs apparently did so here by appealing the decision of the Commission of December 28, 1993 in January 1994. There is no subject matter jurisdiction over the second count of the amended appeal for two reasons. First of all, there is no statutory authority for amending a pending appeal to challenge actions or decisions of the agency after the appeal was taken. Secondly, the second count of the appeal challenges the same decision of the planning commission, denying final subdivision approval, as is raised in the January 1994 appeal. This brings into play the prior pending action rule; a court does not have subject matter jurisdiction over two actions in the same court involving the same parties on the same issues. See Henry F. Raab Connecticut, Inc. v. J. W.Fisher Co., 183 Conn. 108, 112.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE