[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an appeal from a decision of the Town Council of West Hartford on April 12, 1994 approving a settlement of a prior zoning appeal modifying the hours of operation from those previously approved.
The facts underlying this appeal are not in dispute. On November 23, 1993, the HD West Hartford Limited Partnership, Coltec, Inc., and the Rich W. Sorenson Children's Trust petitioned the West Hartford Town Council for the general approval of a special development district for a retail shopping center in West Hartford. On April 12, 1994, the West Hartford Town Council, sitting as the zoning authority for the town, approved the plan with nineteen special conditions. One of the conditions restricted the hours of operation from 8:00 am. to 10:00 p.m., Monday through Saturday and from 9:00 am. to 6:00 p.m. on Sunday.
Three area residents appealed to the Superior Court from that approval in an action dated April 28, 1994,Fiorino v. Town of West Hartford. (Superior Court Judicial District of Hartford/New Britain at Hartford Docket No. CV 94537502.) That action was settled by the parties on September 27, 1994, in accordance with the terms of a stipulation for judgment signed by both parties. One of the terms of the stipulated agreement was that the hours of operation of the shopping center were expanded to 6:00 a.m. to 10:00 p.m. on Monday through Saturday and the hours on Sunday remaining 9:00 a.m. to 6:00 p.m. This agreement also provided that the town retained the authority to CT Page 7313 reduce the hours of operation in the future in accordance with West Hartford ordinances or state laws. After a court hearing on October 6, 1994, the court, Booth, J., approved the stipulation agreement.
On November 8, 1994, the plaintiffs, Laura Renfro and Dennis Lazor, commenced the present appeal in which they claim that the action of the Town Council on April 12, 1994 in expanding the hours of the project's operations on weekdays was illegal and deprived the plaintiffs of their rights under the Federal and Connecticut constitutions as well as the West Hartford Code.
On February 22, 1995, West Hartford filed this motion to dismiss the appeal and on the same date the remaining defendants filed a separate motion to dismiss this appeal.
-I-
West Hartford bases its motion to dismiss on two grounds; first, that the Town Council's action cannot be challenged in a zoning appeal because the Council's action in approving the Fiorino settlement was not a zoning actions and second, plaintiffs are not aggrieved by the Council's decision and the court lacks jurisdiction to hear this appeal.
The remaining defendants in their Motion to Dismiss claim that this court lacks subject matter jurisdiction because there is no statutory authority authorizing the appeal and because the plaintiffs are not aggrieved.
Plaintiffs claim they are aggrieved and argue that the motion should be denied because the decision of September 12, 1994 to expand the hours of operation was a change in approved plans for which a new application was required under section 177-44(7) of the West Hartford Zoning[1] Code and was an official action from which an appeal lies.
-I-
At the short calendar hearing on April 10, 1995 before this court there was an offer to produce witnesses on the question of aggrievement. The court did not consider it CT Page 7314 feasible to hear witnesses at that time and decided that the issue of aggrievement would be decided at the time the appeal was heard.
-II-
General Statutes § 8-28 provides that an appeal from a decision of a planning commission shall be taken pursuant to the provisions of General Statutes § 8-8. General Statutes § 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Sub-paragraph (b) also requires "service of the appeal process within fifteen (15) days of publication of notice of the agency's decision." Bysiewicz v.Middletown Paln. [Plan.] Zon. Comm'n, Superior Court, Judicial District of Middlesex at Middletown, Docket No. 68381 (March 28, 1994, Gaffney, J.).
In Sendak v. Ridgefield Planning and ZoningCommission, 7 Conn. App. 238, 508 A.2d 781 (1986), the plaintiffs were abutting landowners who appealed a decision by the Ridgefield Planning and Zoning Commission to reach a stipulated judgment to resolve various court disputes between the town and local corporation. The plaintiffs claimed they were aggrieved persons authorized by General Statutes § 8-28 to appeal from official actions or decisions of the commission. The Connecticut Appellate Court held that the planning and zoning board's decision to settle the lawsuit was not "an official action or decision" from which the plaintiffs could appeal. Sendak, supra,7 Conn. App. 239. The Court reasoned that no appeal would lie unless bad faith, collusion or improper conduct could be shown on the part of the zoning commission. Id., 244. The operative statute in Sendak was General Statutes § 8-28
which was changed in 1989 to incorporate the provisions of General Statutes § 8-8. This change appears to have been strictly procedural, and does not affect the impact of theSendak opinion, with respect to the present action.
In Sendak the court found that two competing interests are present when a plaintiff seeks to appeal a planning board's decision to settle an already pending appeal. "One is the powerful interest in the promotion of settlement of litigation by agreement of the parties." Sendak, supra, CT Page 73157 Conn. App. 243. This interest would be severely hindered if a party was allowed to challenge the decision of a planning commission, after the planning commission has in good faith settled a separate appeal. "The other powerful competing social interest is the need for protection of the integrity of the land use planning process." Sendak,
supra, 7 Conn. App. 243. The court recognized that a planning commission and an applicant could abuse the entire process by collusively "stipulating to a judgment in the applicant's favor, and thus evade both judicial review and effective scrutiny by potentially aggrieved neighbors whose attempts to intervene had not yet been acted upon." Id. The court determined that because there was no evidence of bad faith, collusion or other improper conduct, the interest in promotion of settlement outweighed the interest of preventing collusion and granted the motion to dismiss.Sendak, 7 Conn. App. 244-245.
-III-
The plaintiffs argue that Sendak is not controlling because in this case there was no dispute between the developer and the town and the issue of hours of operation was not raised in the previous appeal.
It is true that in Fiorino the appeal was taken by intervening tax payer plaintiffs not the developer. This difference is not sufficient to take the present case out of the ambit of Sendak. If anything the fact that this action was not brought by the developer tends to reduce any inference that any collusion or bad faith was involved.See Tondro Connecticut Land Use Regulation (Second Ed.) Atlantic Law Book Co., 1992 p. 584. Indeed, plaintiffs have not claimed any collusion or bad faith in their complaint.
The transcript of the court hearing on October 6, 1994 at which Judge Booth entered judgment on the stipulation indicates that all the parties to the Fiorino appeal, including the developers, were present. When the change in weekday hours of operation wa [was] specifically brought to the attention of the court, the court commented that "The only real stipulation would appear robe the hours of operation, which is permissible when done as part of the permit", and went on to find nothing illegal in the stipulation. CT Page 7316
In the present case we find nothing to hint at bad faith or collusion either in the pleadings or in the record. It is true that the change in hours was not involved in the Fiorino appeal but the resulting settlement was fairly reviewed by Judge Booth and the Town retained the right to modify these hours at any time in the future. To the extent that the present appellants maybe foreclosed from asserting their objection to the change in hours, the answer is that they had an opportunity to become intervening parties in the Fiorino appeal and thereafter to be heard at the public hearing held in connection with the town's approval of the stipulated settlement. Macko v.Norfolk Planning and Zoning Commission, 4 CSCR 106 (1989);J.J. Paris Builder, Inc. v. Torrington Zoning Board, 12 CLT No. 14, p. 35 (April 7, 1986).
Tondro supra suggests that the significance of the interest asserted by a challenger in such a case should be considered by the court in a case by case basis to evaluate the issue of possible unfairness in the settlement procedure, supra p. 585. Municipal power to regulate hours of businesses has long been recognized as a legitimate exercise of the police power predicated on considerations of the general welfare and having a specific relation to the health and competency of workmen. McQullan MunicipalCorporations 3rd Ed. Revised (1989) § 24-328. Under all the circumstances we do not consider the modification of a two hour advance in the opening hours of the shopping center on Monday through Saturday, when the power to modify the hours is retained by the Town, to be of such significance as to raise, in and of itself, an issue of unfairness or prejudice to the plaintiffs.
We find that the action of the West Hartford Town Council on April 12, 1994, approving the stipulated settlement of the Fiorino appeal was not such an official action or decision from which the plaintiffs could appeal.
Motions to Dismiss granted.
Wagner, J.