[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#104)
CT Page 7456
The plaintiff, F.S.B. Associates, L.L.C., has filed an objection to a Motion to Intervene filed by Peter Stiglin in this zoning appeal. This appeal was taken from the denial of the plaintiff's application for a permit to continue a gravel excavation operation in the Town of Cornwall. Mr. Stiglin, an adjoining owner now seeks to intervene. The operation had been commenced by a prior owner, who had become insolvent without completing or restoring the excavation area leaving a pit on the property. The plaintiff had purchased the property with the intention of closing and restoring the pit. The plaintiff's principals reside in a home on land adjacent to the pit and wished to assure that the pit would be restored, which was the sole purpose of the plaintiff's application to allow it to generate sufficient financial resources to undertake the restoration and closure activities.
The defendant Commission had granted the original excavation permit to the prior owner in 1987. It had routinely renewed the permit every two years until 1993, when the prior owner had begun to get into financial difficulties. The 1993 renewal request was not denied on the basis of any environmental or other impacts, but solely because of concerns relating to the prior owner's insolvency proceedings.
The plaintiff acquired the property in late 1994 following those proceedings. As a condition of the acquisition, the plaintiff was obliged to replace a $40,000 bond its predecessor had posted while it was operating. In early 1995, the plaintiff consulted with the Commission about a plan to restore the site. The Commission expressed no opposition to the plan.
Mr. James Taylor owns a 100 more or less acre lot adjoining the plaintiff's property. The lot formerly contained an old farmhouse that was located far from the pit. However, during the period of the pit's inactivity, Mr. Taylor carved off a three-acre parcel from the lot and conveyed it to Mr. Stiglin, his business administrator. Of all of the possible areas to carve off three acres, Messrs. Taylor and Stiglin chose to do so immediately adjacent to and overlooking the gravel pit. Mr. Stiglin then moved the old farmhouse onto the three-acre lot.
Subsequent to the filing of this appeal, almost five months CT Page 7457 ago, the plaintiff attempted to determine what conditions the Commission might be seeking so that it could settle the appeal and get the pit closed. The plaintiff's representatives walked the site with the Commission's engineering and planning consultants in an effort to address whatever concerns there may have been. Based on those discussions, the plaintiff proposed a stipulation for settlement to the Commission. The Commission made certain modifications to the plaintiff's proposal, and then scheduled a public hearing on the potential settlement for November 12, 1996. However, by the night of the settlement hearing, Mr. Stiglin had once again organized opposition to the stipulation, and the Commission decided not to proceed.
The court has great discretion in deciding whether to allow third parties to intervene in an administrative appeal. PolymerResources, Ltd. v. Keeney, 32 Conn. App. 340, 350, 629 A.2d 447
(1993). In Keeney, the court refused to allow complaining neighbors to intervene because their interests were adequately represented by the Attorney General. The court recognized that the claims of the neighbors were matters that affected the public generally. The same is true of Mr. Stiglin's claims. Although Mr. Stiglin argues that he owns property adjacent to the pit, and therefore has a special interest, the simple fact is that, out of a 100 more or less acre parcel, he chose to carve his lot out as close to the pit as possible.
In Sendak v. Planning Zoning Commission, 7 Conn. App. 238,508 A.2d 781 (1986), the court spoke of the important public interests to be served by settling land use appeals. In settling an appeal, a commission and a landowner can strike a balance between the landowner's property rights and the legitimate needs of the community. Mr. Stiglin seeks to intervene solely to block any settlement.
The commission originally agreed to the plaintiff's proposal to restore and close the pit. At Mr. Stiglin's behest, they changed their mind and told the plaintiff it could not proceed. The plaintiff then proposed a limited, four-acre operation that would allow it to recoup the expenses of closure and that was more stringently limited than any of the prior owner's applications, which the Commission had routinely granted. At Mr. Stiglin's behest, the Commission denied the plaintiff's application. The intervention of Mr. Stiglin would place additional burdens on the plaintiff without resulting in any benefit to the court's evaluation of the issues. For the CT Page 7458 foregoing reasons, the motion to intervene is therefore denied.
PICKETT, J.