[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISMISS
The plaintiffs, Joseph, Sr., and Helen Mitri, appeal from a decision made in executive session by the Trumbull Planning land Zoning Commission the (Commission) to settle a pending appeal brought by CMC Development Co. (CMC) under General Statutes §8-30g after the Commission denied its application to build an affordable housing development. Both CMC and the Commission, as the defendants in the present case, moved to dismiss the appeal for lack of subject matter jurisdiction, claiming that the plaintiffs have no statutory right to appeal the decision of the Commission to settle the suit filed by CMC.
"Jurisdiction of the subject matter is the power (of the court) to hear and determine cases of the general class to which the proceedings in question belong . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy". (Internal quotation marks omitted). Figueroa v. CNS Ballbearing, 237 Conn. 1, 4 (1996). "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687 (1985).
"Appeals to courts from administrative agencies exist only under statutory authority, "and unless a statute allows an appeal the court is without jurisdiction to here it. Charles Holdings,LTD v. Planning Zoning Board of Appeals, 208 Conn. 476, 479
(1988). An appeal by an abutting landowner from a decision of a planning and zoning commission is governed by § 8-8 (b) which provides that "any person aggrieved by any decision of a board CT Page 13204 may take an appeal to the Superior Court". . . .
CMC brought its appeal in September of 1995 after the Commission denied its second application to build a subdivision as an affordable housing development. Janine M. and O. Scott Becker, abutting landowners who opposed the development, moved to intervene and became defendants in CMC's appeal. The Commission held an executive session in June of 1997 and voted to accept the settlement, which would change XIII of the Trumbull Zoning Regulations concerning planned Affordable Housing Zones and permit CMC to construct 52 units on a 13 acre site. After a hearing before the court, a stipulated judgment was accepted by the court, Monroe, J., and judgment was entered accordingly on July 2, 1997. Notice of the settlement was thereafter published on July 8, 1997. See CMC Development of Daniels Farm Road, Inc.v. Trumbull Planning and Zoning Commission D.N. 95-0553928, Judicial District of Hartford/New Britain at Hartford.
The plaintiffs in the present case are also abutting landowners who had opposed the development at public hearings. Because the Commission had denied the application they did not file an appeal, nor were they notified that the developer had appealed. The plaintiffs did not intervene in the appeal and had no input into the settlement negotiations unlike the Beckers who had previously intervened. The present plaintiffs, however, were not entitled to notice that an appeal had been taken. Tazza v.Planning and Zoning Commission, 164 Conn. 187, 191 (1972).
The plaintiffs now appeal the decision of the Commission to grant the application as part of the settlement agreement and have also moved to open the stipulated judgment and intervene in the CMC appeal pending in Hartford. Those motions are pending and are not in issue before this court.
The defendants have moved to dismiss the present appeal asserting that the case is controlled by Sendak v. Planning andZoning Commission, 7 Conn. App. 238 (1986) which held that a Planning and Zoning Commission's decision to settle a pending appeal is not an official decision from which an appeal could be taken. The plaintiffs assert that Sendak is not applicable because that case was interpreting language then contained in General Statutes § 8-28 which permitted an appeal from "an official action or decision of a planning commission" as compared to the present statute, General Statutes § 8-8 (b) which permits an appeal form "any decision" of the commission. CT Page 13205
Prior to 1989, § 8-8 applied to decisions of zoning boards of appeals and § 8-28 applied to decisions of planning commissions (and combined planning and zoning commissions). Both statutes had provisions for appeal with similar language, but the difference upon which the plaintiffs rely is that § 8-28
referred to any "official" action or decision where as § 8-8
omitted the word "official". Public Act 89-356 consolidated the appeal provisions retaining the language § 8-8 without the word "official". The legislative history of Public Act 89-356
contains no indication that the bill was intended to make substantive changes in the appeal provisions but rather was intended to clear up any confusion that might result from variations in language and "streamline" these two areas of the law. See 32 H.R. Proc., Pt., 25, 1999 sess., p. 8820. There is no indication that the deleting of the word "official" was intended to broaden the scope of the statute's application.
A review of the Sendak does not indicate any reliance by the court on the word "official" nor is there any indication contained in that case that the decision would be any different with or without the word "official". The court did however note the existence of two competing social interests and described those competing interests as follows:
 One is the powerful interest in the promotion of settlement of litigation by agreement of the parties. . . . Our Supreme Court has clearly recognized that this interest applies to the administrative proceedings by explicitly approving a stipulation for judgment in an administrative appeal then pending before it. . . . This interest would be seriously under cut if, after a planning commission has in good faith settled a pending appeal by agreeing to a stipulated judgment, that settlement could be challenged by subsequent appeal by third parties.
 The other powerful competing social interest is the need for protection of the integrity of the land use planning process. This interest derives from the recognition that, where initially unsuccessful applicant before a planning commission takes an appeal to the court, the applicant and the commission could abuse the entire process by collusively stipulating to a judgment in the applicant's favor, and thus evade CT Page 13206 both judicial review and effective scrutiny by potentially aggrieved neighbors whose attempts to intervene had not yet been acted upon. This recognition derives in turn from the realty that there are cases in which the propriety of the conduct of the commission is open to criticism. . . .
 In order to preserve a proper balance between these interests, we conclude that whether a planning commission's decision to settle a pending appeal constitutes an official action or decision within the meaning General Statutes § 8-28 so as to permit an appeal there from by third parties must be resolved in case by case basis. We therefore hold that, absent bad faith, collusion or improper conduct by the parties, a planning commission's decision to settle an appeal by way of stipulated judgment is not an official action or decision within the meaning of the statute, and a further appeal to the court does not lie from that decision."
 Sendak, supra at 242-43 (Citations and internal quotations omitted).
The court therefore holds that Sendak, supra is controlling and the deletion of the word "official" in 1989 does not broaden the scope of appeals. The court also notes that the present "appeal" seeks to attack the judgment of the court was entered in July 1997 rather than a review of the Commission's action.
However, General Statutes § 8-8 (n) provides that no appeal "shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement". "The statute prohibits `side' or secret settlements by the parties once there has been an appeal to the trial court. It does so by prohibiting settlement except by approval of the court. The purpose of the statute is to insure that zoning matters can be scrutinized by the public by means of a public record. It is the trial court, not the parties, which must approve settlements of zoning cases."Levine v. Town Planning and Zoning Commission, 25 Conn. App. 199,203 (1991).
The hearing mandated by General Statutes § 8-8 (n) includes the right to be heard by both parties and non parties.Mead School for Human Development v. Zoning Board of Appeals, CT Page 13207 Superior Court, Judicial District of Stamford/Norwalk at Stamford Docket No. 154298, 18 CONN. L. RPTR. 260 (November 22, 1996) (Karazin, J.);Chrysalis Center v. Zoning Board of Appeals of Hartford, Superior Court Judicial District of Hartford/New Britain at Hartford Docket No. 518300, 11 CONN. L. RPTR. 374 (April 18, 1994) (Maloney, J.). However, without notice of a hearing the opportunity to be heard is meaningless.Loulis v. Parrott, 241 Conn. 180, 191 (1997).
There is presently pending, but as yet undecided, motions filed by the present plaintiffs in the original appeal taken by CMC. One such motion is a motion to intervene and the other motion is a motion requesting that the judgment of the court be reopened. Whether the plaintiffs have due process rights to notice and a meaningful opportunity to be heard and whether those rights had been fulfilled and if not the remedy therefore is more appropriately to be determined under the motions pending in the CMC appeal. See generally Montville Associates v. MontvilleZoning and Planning Commission, Superior Court, Judicial District of New London, Docket No. 92828, 1 CONN. L. RPTR. 265 (February 5, 1990) (Axelrod, J.).
Accordingly the Motion to Dismiss is hereby granted.
RUSH, J.