******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF STRATFORD *v.* EWDOKIA SOKOL
(AC 35631)

Alvord, Keller and Pellegrino, Js.

*Submitted on briefs February 18—officially released June 10, 2014*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Edward F. Stodolink, judge trial referee.)

*Christopher G. Ciancanelli* filed a brief for the appellant (plaintiff).

*Opinion*

KELLER, J. The plaintiff, the town of Stratford, appeals from the judgment of the trial court rendered after it granted the motion of the defendant, Ewdokia Sokol, to open a judgment rendered on a municipal antiblight citation pursuant to General Statutes § 7-152c.[1] The plaintiff claims that the court improperly granted the motion to open because (1) the motion was untimely, (2) the court lacked subject matter jurisdiction to open the judgment, (3) the plaintiff failed to demonstrate that the judgment should be opened, and (4) the court failed to enforce its own orders with regard to the remediation of the subject property.[2] Because we agree that the trial court lacked subject matter jurisdiction to grant the motion to open, we reverse the judgment of the trial court.

The record reveals that on several occasions in 2010 and 2011, the plaintiff provided notice to the defendant, who owned real property in Stratford, that she had been cited for violations of the plaintiff's antiblight ordinances. Although the defendant requested and was granted an extension of time in which to remediate her property, she failed to do so. The plaintiff provided notice to the defendant that it would assess fines related to the violations and, from July 1, 2011, until September 23, 2011, the plaintiff assessed fines totaling $17,000 against the defendant. On September 26, 2011, the plaintiff sent the defendant, via certified mail, a notice of assessment in the amount of $17,000. At no point did the defendant contest liability by demanding a hearing before a citation hearing officer; see General Statutes § 7-152c (c); or avail herself of her statutory right to appeal from the assessment. See General Statutes § 7-152c (g).[3]

Thereafter, on December 21, 2011, pursuant to § 7-152c (f), the plaintiff filed a notice of assessment in the Superior Court for the judicial district of Fairfield. On December 22, 2012, the court clerk entered judgment in favor of the plaintiff and against the defendant in the amount of the assessment.

On March 30, 2012, the defendant, represented by counsel, filed a motion to open the judgment in the Superior Court for the judicial district of Fairfield. The motion stated in relevant part: "(1) The defendant . . . is a 93 year old woman with a limited knowledge of the English language; (2) She never received in hand service of the complaint, which was allegedly left at her usual place of abode; (3) Judgment was entered and a Notice of Assessment was certified to the defendant on December 12, 2011; (4) The defendant has a good and valid defense . . . ." The defendant asked the court for "an order reopening judgment." The motion to open was unaccompanied by a memorandum of law or citation to any authority whatsoever. By means of a

written objection, the plaintiff asserted that the defendant's motion to open was an improper collateral attack upon the judgment after she failed to avail herself of her right to challenge the assessment pursuant to § 7-152c (g) and that there was no basis in law for the court to disturb the assessment or the judgment entered in the amount of the assessment.

A hearing on the defendant's motion took place on September 20, 2012, at which time the court heard arguments from the parties' attorneys. At the hearing, the defendant's attorney advanced arguments of an equitable nature, essentially arguing that the defendant was entitled to an opportunity to remediate her property and to avoid the fines that were imposed by the plaintiff for her violations of Stratford's antiblight ordinances. He stated that the plaintiff had assessed "draconian fines" against the defendant, who was "[a] poor old woman [who] didn't know what was going on . . . ." The defendant's attorney asked the court to give the defendant a chance to remediate the property and avoid the plaintiff's "ungodly" fines. He stated: "I just want to take care of everything and set it right." The court stated: "I'm going to suspend my decision in this case for 30 days. And if I am told that everything has been properly remediated, I will consider [the defendant's] motion to open the judgment."

On January 8, 2013, the plaintiff filed a "Supplemental Objection" to the defendant's motion to open in which it asserted, inter alia, that the motion to open should be denied because the defendant had not remediated the property at issue. At a hearing on February 14, 2013, the plaintiff argued that any remediation efforts occurred at the expense of *other* blighted properties owned by the defendant and her son. The court heard testimony from the defendant's son as well as argument from the plaintiff. The court acknowledged that it viewed the issue of granting the motion to open as being related solely to the defendant's progress in remediating the various properties at issue. The court continued the matter for several weeks to permit the defendant to take necessary remediation measures.

On April 25, 2013, the parties again appeared before the court. The defendant's attorney represented that all of the blight issues that had been discussed at the prior hearings, including those for which the defendant was issued a citation, had been remediated by the defendant. The plaintiff's attorney represented that the most significant blight issues had been resolved at that time. With regard to the motion to open before the court, the plaintiff's attorney stated that the plaintiff had complied with relevant notice provisions concerning the assessment and that it properly had obtained a judgment in the Superior Court pursuant to § 7-152c (f). The court did not find otherwise. The plaintiff's attorney argued that the defendant did not appeal from the entry of the

assessment pursuant to § 7-152c (g) and that the motion to open was an improper means of appealing from the assessment.

The court did not address the issues raised by the plaintiff with regard to the legal propriety of the motion to open. Instead, the court stated that it would afford the defendant "substantial relief" by "reopen[ing] the citation" and reducing the fine to $5000.[4] This appeal followed.

One of the arguments raised by the plaintiff in the present appeal is that the court lacked subject matter jurisdiction to grant the defendant's motion to open because the motion was effectively an appeal from the assessment, and the defendant did not avail herself of her right to appeal to the Superior Court from the assessment as provided in § 7-152c (g). See footnote 1 of this opinion. "Any party, or the court itself, can raise the issue of subject matter jurisdiction at any time. It matters not how or by whom the question of jurisdiction is raised." *Manning* v. *Feltman*, 149 Conn. App. 224, 236,      A.3d      (2014). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction." (Internal quotation marks omitted.) *Doctor's Associates, Inc.* v. *Windham*, 146 Conn. App. 768, 782, 81 A.3d 230 (2013).

"It is fundamental that the legislature . . . establishes the jurisdiction of the Superior Court . . . ." *Piquet* v. *Chester*, 306 Conn. 173, 188 n.14, 49 A.3d 977 (2012). "A statutory right to appeal may be taken advantage of only by *strict compliance* with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Emphasis in original; internal quotation marks omitted.) *Lawson* v. *Commissioner of Motor Vehicles*, 134 Conn. App. 614, 619, 39 A.3d 1174, cert. denied, 305 Conn. 914, 47 A.3d 388 (2012); see also *Raines* v. *Freedom of Information Commission*, 221 Conn. 482, 489–90, 604 A.2d 819 (1992).

By enacting § 7-152c (g), the legislature created a statutory right by which "[a] person against whom an assessment has been entered . . . is entitled to judicial review by way of appeal." That subsection clearly states that an appeal "shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with [the proper] entry fee . . . ." General Statutes § 7-152c (g). The defendant did not avail herself of this statutory right within thirty days of the mailing of notice of the assessment on September 26, 2011. Instead, on March 30, 2012, after the clerk had entered judgment against the defendant and in favor of the plaintiff in accordance with § 7-152c (f), the defendant attempted collaterally

to challenge the assessment by means of a "motion to open." A review of the equitable arguments on which the defendant's attorney relied during the proceedings related to the motion to open, however, unambiguously reflects that the defendant utilized the motion merely as an avenue by which to challenge the *fairness* of the assessment. The court, in turn, granted relief to the defendant solely on the basis of her remediation efforts involving several blighted properties in Stratford. Having failed to strictly comply with her statutorily created right to appeal from the assessment, the defendant failed to invoke the jurisdiction of the Superior Court. The court, therefore, lacked subject matter jurisdiction to grant the motion and to reduce the amount of the assessment to benefit the defendant.

In light of our conclusion that the court lacked subject matter jurisdiction, we reverse the judgment of the trial court and remand the matter to that court with direction to dismiss the defendant's motion to open the judgment. See *Sendak* v. *Planning & Zoning Commission*, 7 Conn. App. 238, 242, 508 A.2d 781 (1986) (dismissal of appeal proper when there exists no statutory authority for appeal). Accordingly, we need not address the remaining claims raised by the plaintiff in its brief.

The judgment is reversed and the case is remanded with direction to dismiss the defendant's motion to open the judgment for lack of subject matter jurisdiction.

In this opinion the other judges concurred.

[1] General Statutes § 7-152c provides: "(a) Any municipality as defined in subsection (a) of section 7-148 may establish by ordinance a citation hearing procedure in accordance with this section. The Superior Court shall be authorized to enforce the assessments and judgments provided for under this section.

"(b) The chief executive officer of any such municipality shall appoint one or more citation hearing officers, other than police officers or employees or persons who issue citations, to conduct the hearings authorized by this section.

"(c) Any such municipality, at any time within twelve months from the expiration of the final period for the uncontested payment of fines, penalties, costs or fees for any citation issued under any ordinance adopted pursuant to section 7-148 or section 22a-226d, for an alleged violation thereof, shall send notice to the person cited. Such notice shall inform the person cited: (1) Of the allegations against him and the amount of the fines, penalties, costs or fees due; (2) that he may contest his liability before a citation hearing officer by delivering in person or by mail written notice within ten days of the date thereof; (3) that if he does not demand such a hearing, an assessment and judgment shall be entered against him; and (4) that such judgment may issue without further notice. If the person to whom such notice is issued is a registrant, the municipality may deliver such notice in accordance with section 7-148ii, provided nothing in this section shall preclude a municipality from providing notice in another manner permitted by applicable law.

"(d) If the person who is sent notice pursuant to subsection (c) of this section wishes to admit liability for any alleged violation, he may, without requesting a hearing, pay the full amount of the fines, penalties, costs or fees admitted to in person or by mail to an official designated by such municipality. Such payment shall be inadmissible in any proceeding, civil or criminal, to establish the conduct of such person or other person making the payment. Any person who does not deliver or mail written demand for a hearing within ten days of the date of the first notice provided for in subsection (c) of this section shall be deemed to have admitted liability, and the designated municipal official shall certify such person's failure to

respond to the hearing officer. The hearing officer shall thereupon enter and assess the fines, penalties, costs or fees provided for by the applicable ordinances and shall follow the procedures set forth in subsection (f) of this section.

"(e) Any person who requests a hearing shall be given written notice of the date, time and place for the hearing. Such hearing shall be held not less than fifteen days nor more than thirty days from the date of the mailing of notice, provided the hearing officer shall grant upon good cause shown any reasonable request by any interested party for postponement or continuance. An original or certified copy of the initial notice of violation issued by the issuing official or policeman shall be filed and retained by the municipality, and shall be deemed to be a business record within the scope of section 52-180 and evidence of the facts contained therein. The presence of the issuing official or policeman shall be required at the hearing if such person so requests. A person wishing to contest his liability shall appear at the hearing and may present evidence in his behalf. A designated municipal official, other than the hearing officer, may present evidence on behalf of the municipality. If such person fails to appear, the hearing officer may enter an assessment by default against him upon a finding of proper notice and liability under the applicable statutes or ordinances. The hearing officer may accept from such person copies of police reports, investigatory and citation reports, and other official documents by mail and may determine thereby that the appearance of such person is unnecessary. The hearing officer shall conduct the hearing in the order and form and with such methods of proof as he deems fair and appropriate. The rules regarding the admissibility of evidence shall not be strictly applied, but all testimony shall be given under oath or affirmation. The hearing officer shall announce his decision at the end of the hearing. If he determines that the person is not liable, he shall dismiss the matter and enter his determination in writing accordingly. If he determines that the person is liable for the violation, he shall forthwith enter and assess the fines, penalties, costs or fees against such person as provided by the applicable ordinances of the municipality.

"(f) If such assessment is not paid on the date of its entry, the hearing officer shall send by first class mail a notice of the assessment to the person found liable and shall file, not less than thirty days or more than twelve months after such mailing, a certified copy of the notice of assessment with the clerk of a superior court facility designated by the Chief Court Administrator together with an entry fee of eight dollars. The certified copy of the notice of assessment shall constitute a record of assessment. Within such twelve-month period, assessments against the same person may be accrued and filed as one record of assessment. The clerk shall enter judgment, in the amount of such record of assessment and court costs of eight dollars, against such person in favor of the municipality. Notwithstanding any provision of the general statutes, the hearing officer's assessment, when so entered as a judgment, shall have the effect of a civil money judgment and a levy of execution on such judgment may issue without further notice to such person.

"(g) A person against whom an assessment has been entered pursuant to this section is entitled to judicial review by way of appeal. An appeal shall be instituted within thirty days of the mailing of notice of such assessment by filing a petition to reopen assessment, together with an entry fee in an amount equal to the entry fee for a small claims case pursuant to section 52-259, at a superior court facility designated by the Chief Court Administrator, which shall entitle such person to a hearing in accordance with the rules of the judges of the Superior Court."

We note that, effective October 1, 2013, No. 13-132 of the 2013 Public Acts amended subsection (c) of § 7-152c. That amendment is not germane to this appeal.

[2] The defendant has not filed a brief in this court. Accordingly, we will consider the appeal solely on the basis of the brief submitted by the plaintiff and the record.

[3] See footnote 1 of this opinion.

[4] Although the transcript of the proceeding on April 25, 2013, largely reflects the arguments of counsel as well as colloquies between the court and counsel, the court explicitly adopted the entire twelve page transcript as "its memorandum of decision" for purposes of this appeal. Subsequently, the plaintiff filed a motion for articulation in which it sought, generally, the factual and legal basis supporting the court's decision. The trial court denied the motion for articulation. The plaintiff did not thereafter file a motion in this court seeking review of that ruling. Although the trial court did not

explicitly address the jurisdictional issue raised by the plaintiff before the trial court and before this court, we may address the issue because the record is adequate to do so, the issue may be raised and considered at any time, and the issue is purely legal in nature and, thus, one over which we exercise plenary review.