RALTO DEVELOPERS, INC. *v.* ENVIRONMENTAL IMPACT COMMISSION OF THE CITY OF DANBURY ET AL (14155)

SHEA, CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued May 31—decision released August 6, 1991

*Edwin C. Pearson,* for the appellant (defendant Tarrywile Neighbors for Sensible Development Association).

*Neil R. Marcus,* with whom were *David L. Grogins* and, on the brief, *Thomas S. Hyman,* for the appellee (plaintiff).

*Daniel E. Casagrande,* for the appellee (named defendant).

SHEA, J. The dispositive issue in this appeal is whether General Statutes § 22a-43 (c)[1] authorizes a trial court to approve a proposed withdrawal or settlement of an appeal from a decision of an inland wetlands agency when not all the parties have agreed to that proposed withdrawal or settlement. We conclude that the statute does not permit such approval without the

---

[1] General Statutes § 22a-43 (c) provides as follows: "No appeal taken under subsection (a) of this section shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the superior court and such court has approved such proposed withdrawal or settlement."

consent of all parties to the appeal and accordingly reverse the judgment of the trial court.

The court reasonably could have found the following facts. The plaintiff, Ralto Developers, Inc. (Ralto), owned a tract of land in Danbury. Ralto filed an application with the named defendant, the environmental impact commission of the city of Danbury (commission), acting as the inland wetlands agency of the city, for permission to conduct a regulated activity on its land,[2] related to the construction of a subdivision of fifty-one dwellings. After holding a series of public hearings, the commission denied the application on July 12, 1989. Ralto appealed to the Superior Court contesting the denial of its application. The defendant, Tarrywile Neighbors for Sensible Development Association (association), made a motion to intervene and become a party to this appeal, which the court, *West, J.,* granted.

While that administrative appeal was pending, Ralto filed a second application with the commission.[3] The association filed a notice of intervention in the application proceedings, pursuant to § 22a-20 of the Connecticut Environmental Protection Act, General Statutes §§ 22a-14 through 22a-20. After another round of hearings, the commission denied the second application on December 18, 1989. Ralto filed a second administrative appeal to the Superior Court, contesting the denial of its second application.

Meanwhile, in September, 1989, Ralto had brought an action against the individual members of the commission pursuant to 42 U.S.C. §§ 1983 and 1988 claiming damages for an unconstitutional taking of its property resulting from the denial of the first applica-

---

[2] This regulated activity consisted of a proposal to construct a road across certain wetland areas and drain water into Tarrywile Lake.

[3] The second application was virtually the same as the first except for changes made to the proposed configuration of the road.

tion. While this action and the administrative appeals were pending, the commission held four executive sessions commencing in February, 1990, to consider the possibility of settling all this litigation. A proposed stipulation for judgment was eventually drafted and circulated to all parties. A public hearing was held to solicit comments on the proposed stipulation. The stipulation, as ultimately revised, provided for granting a wetlands permit to Ralto to construct a road affording access to its property but imposed numerous conditions as a prerequisite. On June 26, 1990, a motion for judgment in accordance with the stipulation was filed in Danbury Superior Court, pursuant to § 22a-43 (c). The court, *Moraghan, J.,* declined to grant the motion because the association was not then a party to the second administrative appeal.

Later, the court, *Karazin, J.,* granted a motion filed by the association to intervene and become a party to the second administrative appeal and the court, *West, J.,* granted its motion to consolidate the two appeals. Thereafter, Ralto filed a motion to reargue its motion for judgment in accordance with the stipulation and submitted a modified proposed stipulation. After two days of hearings, at which the association objected continually to the terms of the proposed stipulation, the court, *Karazin, J.,* rendered judgment in accordance with the stipulation on August 3, 1990. The effect of the judgment was to withdraw Ralto's § 1983 action and its first administrative appeal, and to settle the second appeal as provided in the stipulation. The association has appealed from the judgment, raising three issues: (1) whether a trial court may approve the withdrawal and settlement of an appeal from a decision of an inland wetlands agency pursuant to § 22a-43 (c) when an intervening party refuses to consent to the agreement reached between the agency and the applicant devel-

oper; (2) whether the court used proper criteria as a standard of review and correctly allocated the burden of proof in conducting the proceeding required for approval of the settlement of such an appeal; and (3) whether the court's approval of the settlement is adequately supported by the record of the proceeding. We address only the first issue and conclude that § 22a-43 (c) requires the consent of all parties to an appeal before the court may approve a settlement withdrawing an appeal from a decision of an inland wetlands agency when the settlement agreement modifies the decision of that agency. This determination makes it unnecessary to consider the other issues, nor would a discussion of them be likely to serve any useful purpose related to further trial court proceedings.

The association concedes that it did not raise the claim that § 22a-43 (c) does not authorize the stipulated judgment rendered by the court without its consent to the settlement until September 27, 1990, when it filed a motion for articulation in the course of appealing from the judgment. The issue was not raised in its memorandum opposing Ralto's motion for a stipulated judgment that was presented to the court after the hearing that preceded the rendition of judgment on August 3, 1990. The motion for articulation contained one paragraph requesting clarification of "how the [c]ourt could have approved the settlement of one administrative appeal and withdrawal of a second administrative appeal, when one of the parties to both administrative appeals did not agree to said settlement and withdrawal." The court denied that paragraph of the motion explicitly.

"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial." Practice Book § 4185. The association's motion for articulation, pointing to

the absence of its consent, having been filed long after judgment, cannot be deemed to have satisfied the requirement of this rule that claims be "distinctly raised at trial."

The rule provides further, however, that "[t]he supreme court may in the interests of justice notice plain error not brought to the attention of the trial court." Practice Book § 4185. It is only in rare cases that this exception to the requirement for seasonable assertion of claims in the trial court may be invoked. "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). "We have noticed plain error in the failure of a trial court to apply a clearly relevant statute to the case before it." Id., 88; *State* v. *Burke,* 182 Conn. 330, 331–32, 438 A.2d 93 (1980); *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 181 Conn. 607, 609, 436 A.2d 1259, reh. denied, 449 U.S. 956, 101 S. Ct. 363, 66 L. Ed. 2d 221 (1980).

In the present case the court did not entirely overlook § 22a-43 (c), because, in rendering its decision from the bench, it specifically referred to the hearing requirement of the statute. The court thoroughly reviewed the stipulation on its merits and approved it as "fair and equitable to the applicant and the public interest." The association had contested the motion for a stipulated judgment and had presented the testimony of abutting owners opposing Ralto's proposed development at the hearing on the motion. The court must have been aware of the absence of the association's consent, but must have overlooked the provision of the statute that refers to a "settlement [agreement] between the parties to any such appeal" as a prerequisite to approval of a settlement involving the withdrawal of such an appeal.

We conclude that the circumstances of this case are appropriate for plain error review. The failure of the court to recognize that § 22a-43 (c) requires the approval of all the parties to an appeal, before a settlement agreement modifying the agency decision that is the subject of the appeal may be approved, qualifies as an "obvious" error. *State* v. *Hinckley,* supra. Particularly in a case such as this, involving the public interest in land use and environmental concerns, our failure to rectify such an evident oversight may undermine "public confidence in the judicial proceedings." Id., 87–88.

Relying on the failure of the association to raise the issue at trial, Ralto has not argued the merits of the claim that § 22a-43 (c) did not authorize approval of the settlement agreement between Ralto and the commission without the association's consent thereto. We must, nevertheless, apply standard principles in construing the statute. "To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further." *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 187, 592 A.2d 912 (1991); *University of Connecticut* v. *Freedom of Information Commission,* 217 Conn. 322, 328, 585 A.2d 690 (1991).

Section 22a-43 (c) provides that "[n]o appeal [from an inland wetlands agency decision] shall be withdrawn and *no settlement between the parties to any such appeal shall be effective*" without court approval of "such proposed withdrawal or settlement" after a hearing. (Emphasis added.) The legislative intent is clear that a settlement agreement "between the parties"[4] to the

---

[4] It is possible to argue that the use of "between" rather than "among" indicates that the legislature intended that the agreement of only two parties, the aggrieved appellant and the agency, would be necessary for a set-

appeal is a condition precedent for approval of any settlement involving withdrawal of the appeal. The association had intervened in both pending appeals and, therefore, was a party. It follows that no "settlement between the parties" could be reached without the association's consent. Accordingly, § 22a-43 (c) did not empower the court to approve the settlement and to render judgment pursuant thereto.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

tlement pursuant to General Statutes § 22a-43 (c). This inference is refuted by contemporary lexicographers. "The OED [Oxford English Dictionary] gives a warning against the superstition that [between] can be used only of the relationship between two things, and that if there are more *among* is the right preposition. 'In all senses *between* has been, from its earliest appearance, extended to more than two. . . . It is still the only word available to express the relation of a thing to many surrounding things severally and individually; *among* expresses a relation to them collectively and vaguely: we should not say *the space lying among the three points* or *a treaty among three Powers.*' " (Emphasis in original.) H. Fowler, Modern English Usage (2d Ed.) p. 57. The following examples of approved usage of "between" are cited by Webster's Third New International Dictionary: "the fortune was divided [between] the four grandchildren"; "the food was shared [between] three families."