[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 9, 1991, the plaintiff, Mildred M. Andersen, filed a writ, summons and complaint against defendants, Michael Smart and Hertz Corporation, in connection with an accident between plaintiff's husband, Waldo G. Andersen (hereinafter decedent) and defendant Smart. The complaint was filed by plaintiff both individually and as executrix of her husband's estate. Pursuant to defendant's request to revise, plaintiff filed a four count amended complaint on January 2, 1992.
The first and second counts are brought by plaintiff in her capacity as executrix of decedent's estate. The first count states that on the afternoon of August 7, 1989, a vehicle owned by defendant Hertz and operated by defendant Smart collided with the rear of decedent's vehicle. Plaintiff alleges, inter alia, that the collision occurred due to the carelessness and negligence of defendant Smart. Plaintiff claims that decedent was severely injured in the collision and died as a result of such injuries on June 4, 1990. The second count is factually similar to the first CT Page 1280 count and states, inter alia, that defendant Smart acted deliberately and with reckless disregard in operating the vehicle in an unlawful manner.
The third and fourth counts are brought by plaintiff in her individual capacity. The issue presently before the court concerns the loss of consortium claims contained in counts three and four. Both of these counts sound in postmortem loss of consortium. On January 13, 1992, defendants filed motion #108 to strike these counts on the grounds that neither common law nor statutory law authorize or permit plaintiff's claim for postmortem loss of consortium. The issue asserted by this motion to strike is whether defendants' motion to strike plaintiff's claim for postmortem loss of consortium should be granted where no such cause of action existed in either common or statutory law at the time decedent spouse was injured, despite a Public Act that provided for such cause of action which became effective after the accident causing death, but before decedent spouse actually died from his injuries.
"`A motion to strike challenges the legal sufficiency of a pleading.'" Westport Bank Trust Co. v. Corcoran. Mallin 
Avesco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id.
The defendants acknowledge a plaintiff's right to recover for loss of consortium occurring between a decedent spouse's injury and his death where such claim is a derivative of a wrongful death action. However, defendants cite Ladd v. Douglas Trucking Co.,203 Conn. 187, 523 A.2d 1301 (1987), for the proposition that postmortem loss of consortium claims are not available to plaintiff.
In response, plaintiff points to the adoption of Public Act 89-148, codified as General Statutes 52-555a — 52-555d, which specifically recognizes a cause of action for loss of consortium by one spouse due to the death of the other spouse. Plaintiff states that since the act applies to all causes of action arising on or after October 1, 1989, it is applicable to the case at bar because decedent died on June 4, 1990.
The defendants contend that the act does not apply because the cause of action involved here arose on August 7, 1989, the date of the accident. Further, defendants argue that the substantive CT Page 1281 rights of the parties were fixed as of that date. Defendants claim that the statute relied on by plaintiff did not become effective until October 1, 1989, and therefore, plaintiff cannot rely on that act as giving her a legally sufficient cause of action for the recovery of damages for postmortem loss of consortium.
The legislature, in response to the Ladd v. Douglas Trucking decision, took the initiative to provide for a statutory cause of action for postmortem loss of consortium. See House Debate, p. 4862-4863, May 3, 1989; Senate Debate, p. 1919-1920, May 10, 1989. This initiative resulted in the passage of Public Act 89-148 (General Statutes 52-555a — 52-555d). Thus, while both antemortem and postmortem claims for loss of consortium seek to achieve related goals, they are founded on different principles; the former is a judicially created common law derivative cause of action while the latter is a recently adopted statutory right.
"To determine the collectively expressed legislative intent, we look first to the language of the statute itself. If that language is plain and unambiguous, we go no further." (Citations omitted). Ralto Developers, Inc. v. Environmental Impact Comm'n.,220 Conn. 54, 60, 594 A.2d 981 (1991). The sections which apply to the case at bar are as follows:
 Section 52-555a. Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse shall be separate from and independent of all claims or causes of action for the determination of damages with respect to such death.
 Section 52-555b. Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse, which claim or cause of action may include, without limitation, claims for damages with respect to loss of the society of, affection of, moral support provided by, services provided by, sexual relations with or companionship of the other spouse, suffered because of the death of the other spouse, shall be brought with or joined with the claims and causes of action with respect to the death of the other spouse.
 Section 52-555c. (a) No action with respect to any claim or cause of action for loss of consortium shall be commenced except within the time within which an action may be commenced with respect to the death of the other CT Page 1282 spouse in relation to which the action for loss of consortium arises.
 (b) Any claim or cause of action for loss of consortium by one spouse arising out of the claim or cause of action for the wrongful death of the other spouse shall be contingent upon proof of facts sufficient to establish recovery for the claim or cause of action for wrongful death. Nothing in sections 52-555a — 52-555d, inclusive, shall limit the assertion of any defenses against the claim or cause of action for loss of consortium that would be available against the claim or cause of action for wrongful death.
General Statutes 52-555a — 52-555c. All of these sections became effective October 1, 1989, and are applicable to all causes of action arising on or after that date. Id. As of October 1, 1989, the wrongful death statute is no longer the only means to recover damages resulting from a decedent's wrongful death. In fact, sections 52-555a — 52-555d create a right to recover for postmortem loss of consortium in the spouse individually.
"In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm." (Citation omitted). Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 521, 563 A.2d 1100
(1989). "Actionable harm occurs when the plaintiff discovers or should discover, through the exercise of reasonable care, that he or she has been injured and that the [defendants'] conduct caused such injury." (Citations omitted). Id. The substantive rights of the parties are fixed at this time. Id., 520-521.
While it is true that if the decedent were alive, his cause of action would generally arise when the injury was reasonably discovered (the time of the accident in the case at bar); it is not true that a wrongful death action also arises at that time.
One cannot claim that an action for postmortem loss of consortium could arise any earlier than the time the decedent spouse is pronounced dead. The injury to the plaintiff arose when she lost her husband. Only at this time could plaintiff have suffered actionable harm with respect to postmortem loss of consortium. Thus, her substantive rights with respect to the cause of action were fixed as of that date. On the date plaintiff lost her husband, there existed a substantive right to recover damages for postmortem loss of consortium. CT Page 1283
The legislature has created a specific statutory scheme designed to insure a surviving spouse's right to recover for postmortem loss of consortium, and this right became actionable on October 1, 1989. One who has lost a spouse due to the wrongful act of another may rely on the statutory right to bring an action for postmortem loss of consortium if the decedent spouse died on or after October 1, 1989.
Thus, defendants' motion to strike counts three and four of the amended complaint is denied.
So Ordered.
Dated at Stamford, Connecticut this 2nd day of February, 1993.
WILLIAM BURKE LEWIS, JUDGE