[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE (#102)
On or about July 17, 1996, the plaintiff, The Mead School for Human Development, Inc., entered into a written contract with the defendant, the City of Stamford, to purchase property at 1095 CT Page 9787 Riverbank Road, Stamford, Connecticut. Prior to the signing of that contract, the plaintiff had filed an application for a special exception to use the property as a non-public school. On July 24, 1996, the Stamford Zoning Board of Appeals ("ZBA") held a public hearing on the plaintiff's application for a special exception. On August 16, 1996, the ZBA approved the application but imposed twenty restrictions or conditions thereon. The plaintiff then brought the present appeal, challenging the ZBA's imposition of the restrictions or conditions as illegal, arbitrary and an abuse of discretion.
The proposed intervenors in this appeal, Henry and Joan Fryd, Zoltan L. Libertini, Jr., Philip R. Bayne, Robert Dingee, Jr., Felicia Green, Christopher L. and Barbara A. Bakowski, and Vincent A. and Mary C. Basso, filed this motion to intervene as party defendants on October 2, 1996. The proposed intervenors argue that they have an interest in this appeal because they are abutting landowners and are therefore "aggrieved persons" as defined in General Statutes § 8-8(a)(1). The proposed intervenors seek specifically to prevent the removal of the challenged restrictions on the plaintiff's special exception, arguing that such removal will lead to uses of the property which were not addressed at the public hearing and which will cause disruptions to the neighborhood. The proposed intervenors filed a memorandum in support of their motion to intervene, the plaintiff filed an objection and the proposed intervenors filed a reply to the objection.
Two of the proposed intervenors, Henry and Joan Fryd, also filed an appeal seeking reversal of the ZBA's approval of the special exception on the grounds that the special exception authorizes the property to be used as a day care center, when such use should have been the subject of a separate application for a special exception.[1] The remaining eight proposed intervenors also moved to intervene as plaintiffs in the Fryd appeal.
"Any person may be made a defendant who has or claims an interest in the controversy . . . adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party." Practice Book § 85; see also General Statutes § 52-102. "[A] request for permissive intervention . . . is a matter entrusted to the discretion of the trial court." (Citations omitted.) Horton v.Meskill, 187 Conn. 187, 197, 445 A.2d 579 (1982). "The CT Page 9788 consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenor's interests in the controversy, the adequacy of representation of such interests by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Id.
The proposed intervenors, in their memorandum in support of their motion, acknowledge that this is a permissive intervention matter falling within the discretion of the court. As such, they address each of the Horton factors, arguing that the factors weigh in favor of allowing intervention. The proposed intervenors also argue that they are statutorily aggrieved within the meaning of General Statutes § 8-8(a)(1), that the city of Stamford will not adequately represent their interests and that the motion to intervene was filed in a timely fashion. The plaintiff, in its objection to the proposed intervenors' motion, argues that intervention would delay the proceedings and cause prejudice to the plaintiff. Further, the plaintiff argues that the Horton
factors weigh against intervention.
The first and fourth factors mentioned in Horton, the timeliness of the intervention and the potential for delay and prejudice to the other parties the intervention may cause, are inherently connected. Although, as the proposed intervenors argue, this motion was filed at an early stage in the appeal, allowing intervention now would nevertheless delay the resolution of the matter. Because the plaintiff is under the time constraints of preparing for the 1997-98 school year, the action must proceed rapidly to avoid prejudice to the parties. To that end, the parties have reached a stipulated settlement, pursuant to General Statutes § 8-8(n), for which they now seek court approval.[2] A court can only approve such a stipulated settlement if all the parties, including intervenors, consent.Ralto Developers. Inc. v. Environmental Impact Commission ofDanbury, 220 Conn. 54, 59-61, 594 A.2d 981 (1991). Thus, if the proposed intervenors were allowed to intervene but refused to agree to the stipulated settlement, the court would have no choice but to deny the settlement. Such a denial would not only have the potential to delay the appeal considerably, but would also deny the other parties the opportunity to reach a quick and mutually agreeable end to the dispute, thereby thwarting the "powerful interest in the promotion of settlement of litigation CT Page 9789 by agreement of the parties" that exists in administrative appeals. Sendak v. Planning Zoning Commission of Ridgefield,7 Conn. App. 238, 242, 508 A.2d 781 (1986). Consequently, the factors of timeliness, delay and prejudice argue against permitting intervention.
The next Horton factors are the proposed intervenors' interests in the controversy and the adequacy of representation of those interests. As abutting landowners, the proposed intervenors are statutorily aggrieved within the meaning of General Statutes § 8-8(a)(1).[3] While there is no question that the proposed intervenors have an interest in the outcome of this appeal, their interest is adequately represented without allowing them to intervene.
The proposed intervenors' interest is protected, in part, by their ability to argue their case in the pending Fryd v. StamfordZoning Board of Appeals proceeding. In addition, the hearing that a court must hold prior to approving a stipulated settlement under General Statutes § 8-8(n) "is designed to protect anyone whose interests might be affected by the settlement, including parties to the appeal and non-parties." ChrysalisCenter v. Zoning Board of Appeals of Hartford, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518300 (April 18, 1994, Maloney, J.). The court holding the hearing must review the settlement "to determine that it has been reached without any improper conduct by the parties and is fair and equitable to the applicant and the public interest which the commission is charged with protecting." Thus, the proposed intervenors' interests are protected by their ability to present evidence before the court at the § 8-8(n) hearing, and by the requirement that the court consider the public interest in making its decision.
The proposed intervenors argue, in their reply to the plaintiff's objection, that their interests have not been adequately represented by the defendant because the defendant has failed to consult them "about this appeal or the potential settlement of it." The proposed intervenors were not entitled to notice of this appeal. "The commission remains the proper party to represent the public interest and defend its decisions and § 8-8 cannot be interpreted to require that notice of an applicant's appeal be afforded to abutters or others who opposed an application before a zoning authority." Tazza v. Planning Zoning Commission of Westport, 164 Conn. 187, 192, 319 A.2d 393
CT Page 9790 (1972).[4] The Horton factors of the proposed intervenors' interests and the adequacy of the representation of those interests weigh against granting the motion.
The final Horton factor is the necessity for or value of the intervention in terms of resolving the controversy before the court. Because the court would be prohibited from approving the stipulated settlement were intervention to be allowed, RaltoDevelopers. Inc. v. Environmental Impact Commission of Danbury,
supra, 220 Conn. 59-61, the intervention would provide little value in resolving this appeal. Since the proposed intervenors may be heard at the § 8-8(n) hearing, intervention is not necessary to a resolution of this appeal. The Horton factors for permissive intervention argue against granting the proposed intervenors' motion, and, as such, the motion is denied.
KARAZIN, J.