# JOHN F. TROST *v.* CONSERVATION COMMISSION OF THE TOWN OF NEW FAIRFIELD
## (SC 15630)

Callahan, C. J., and Borden, Berdon, Norcott and Katz, Js.

Argued April 25—officially released August 5, 1997

*Patricia A. Horgan*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (defendant commissioner of environmental protection).

*Gail E. McTaggart*, for the appellee (named defendant).

*Opinion*

BORDEN, J. The sole issue raised in this appeal is whether, under the circumstances of this case, the trial court was authorized, pursuant to General Statutes § 22a-43 (c),[1] to approve a proposed settlement of an administrative appeal where one of the parties to the appeal had not consented to the settlement. The defendant commissioner of environmental protection (commissioner) objected to a settlement between the plaintiff, John F. Trost,[2] and the named defendant, the conservation commission of the town of New Fairfield (conservation commission), regarding the conservation commission's denial of the plaintiff's wetlands application. The trial court overruled the commissioner's objection and approved the settlement. The commis-

---

[1] General Statutes § 22a-43 (c) provides: "No appeal taken under subsection (a) of this section shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and said court has approved such proposed withdrawal or settlement."

[2] The plaintiff did not participate in this appeal.

sioner appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We conclude that before the trial court may approve the settlement of an administrative appeal under § 22a-43 (c), the consent of all the parties is required. Accordingly, we reverse the judgment of the trial court.

The facts and procedural history relevant to this appeal are undisputed. The commissioner exercises supervision over the Inland Wetlands and Watercourses Act (act), General Statutes §§ 22a-36 through 22a-45. His specific duties are enumerated in General Statutes § 22a-39. Municipalities obtain authority to regulate inland wetlands and watercourses within their boundaries through a delegation from the commissioner. See General Statutes §§ 22a-39 and 22a-42. The conservation commission operates as the inland wetlands agency for the town of New Fairfield pursuant to this delegated authority.

In 1995, the plaintiff applied to the conservation commission for a wetlands permit as part of the proposed development of an eight lot subdivision. After a series of public hearings, the conservation commission denied the application. The plaintiff appealed from the denial to the Superior Court and served notice of the appeal on the commissioner as required by § 22a-43 (a).[3] The

[3] General Statutes § 22a-43 provides in relevant part: "Appeals. (a) The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may, within the time specified in subsection (b) of section 8-8 from the publication of such regulation, order, decision or action, appeal to the superior court for the judicial district where the land affected is located . . . . Notice of such appeal shall be served upon the inland wetlands agency and the commissioner. The commissioner may appear as a party to any action brought by any other person within

commissioner filed an appearance and became a party to the appeal pursuant to § 22a-43 (a).

After the filing of the appeal, the plaintiff and the conservation commission entered into settlement negotiations. The plaintiff proposed a settlement that provided that the plaintiff's appeal would be withdrawn, the conservation commission's decision would be declared void, and any future application by the plaintiff would have to conform to certain procedures. After completing the settlement negotiations, the plaintiff and the conservation commission entered into a stipulation of judgment setting forth the terms of the proposed settlement.[4] The commissioner, however, did not agree with the terms of the proposed settlement and, thus, did not consent to the stipulation.

thirty days from the date such appeal is returned to the court. The appeal shall state the reasons upon which it is predicated and shall not stay proceedings on the regulation, order, decision or action . . . ."

[4] The stipulation, dated June 4, 1996, provides as follows:

"The undersigned, being counsel for the Plaintiff, John F. Trost, and for the Defendant, Conservation Commission of the Town of New Fairfield, hereby stipulate and agree as follows:

"(1) The decision of the Conservation Commission dated November 22, 1995, will be declared void, without prejudice.

"(2) The Commission will request that the Department of Environmental Protection of the State of Connecticut (DEP) review any subsequent subdivision plan for the property subject to this appeal. As part of such request, the DEP will be requested to perform a site inspection and to issue a report regarding the existence and nature of wetlands and/or watercourse impacts, if any, under the Inland Wetlands and Watercourses Act which would require the filing of an application for a permit with the [Conservation] Commission. It is understood that the DEP will determine whether or not to accept the referral in its absolute discretion.

"(3) In the event that the DEP does not agree to review a subsequent subdivision plan, the [Conservation] Commission will prepare a list of three or more wetlands/geology experts. The [plaintiff] shall select one of such experts for referral of the plans for review and report as set forth in paragraph 2 above. The [plaintiff] shall be responsible for the expert's fees and costs.

"The [Conservation] Commission will request that the chosen expert prepare a good faith estimate of the fee for his or her services. The [plaintiff] will place the amount of such estimated fee in escrow with the [Conservation] Commission prior to the [Conservation] Commission's engagement of the expert.

The plaintiff then filed a motion to withdraw his appeal in accordance with the stipulation for judgment. The commissioner filed an objection to that motion on the ground that the settlement was not "between" all of the parties to the appeal because the commissioner had not consented to the stipulation. Thereafter, the plaintiff filed a revised stipulation, signed only by the plaintiff and the conservation commission.[5]

The trial court heard oral argument from all of the parties, including the commissioner, on the plaintiff's motion to withdraw in accordance with the revised

"(4) Both the [plaintiff] or his representatives and the [Conservation] Commission's representatives will be invited to be present for site visit of the DEP or the chosen expert.

"(5) The DEP or the chosen expert will be given copies of the Kingsmark study prepared on behalf of the [Conservation] Commission and the [plaintiff's] agent's written response to the study prior to the commencement of the review process set forth above.

"(6) The [Conservation] Commission will make its decision regarding its jurisdiction over the [plaintiff's] subdivision consistent with the report of the DEP or the chosen expert. The [plaintiff] shall be bound by the findings of the DEP or the chosen expert with regard to jurisdiction."

[5] The revised stipulation, dated June 17, 1996, contained modifications to paragraphs one, two and six of the original stipulation, which paragraphs provide as follows:

"(1) The decision of the Conservation Commission dated November 22, 1995, will be declared void, without prejudice *and this appeal will be withdrawn.*

"(2) The Commission will request that the Department of Environmental Protection of the State of Connecticut (DEP) review any subsequent subdivision plan *filed by the applicant* for the property subject to this appeal. As part of such request, the DEP will be requested to perform a site inspection and to issue a report regarding the existence and nature of wetlands and/ or watercourse impacts, if any, under the Inland Wetlands and Watercourses Act which would require the filing of an application for a permit with the [Conservation] Commission. It is understood that the DEP will determine whether or not to accept the referral in its absolute discretion. . . .

"(6) The [Conservation] Commission will make its decision regarding its jurisdiction over the [plaintiff's] subdivision *with due consideration given to* the report of the DEP or the chosen expert. The [plaintiff] shall be bound by the *determination of the Conservation Commission regarding jurisdiction provided said determination is consistent with the findings of the DEP or the chosen expert.*" (Emphasis added.)

stipulation. The commissioner argued that: (1) the court does not have authority to "void" a decision prior to a full hearing; (2) the stipulation binds the conservation commission as to a future application in violation of the act; and (3) the court cannot approve a settlement in the absence of the consent of all the parties. The trial court overruled the objection of the commissioner, approved the revised stipulation and allowed the withdrawal of the appeal as to the conservation commission.[6] This appeal by the commissioner followed.

The commissioner claims that under *Ralto Developers, Inc.* v. *Environmental Impact Commission*, 220 Conn. 54, 60, 594 A.2d 981 (1991), the agreement of all the parties to an appeal is required before the trial court may approve any settlement of that appeal pursuant to § 22a-43 (c). Specifically, the commissioner argues that because he did not agree to the terms of the stipulation, the trial court was not authorized to approve it. We agree.

Section § 22a-43 (c) provides: "No appeal taken under subsection (a) of this section shall be withdrawn and *no settlement between the parties to any such appeal shall be effective* unless and until a hearing has been held before the Superior Court and said court has approved such proposed withdrawal or settlement." (Emphasis added.) In *Ralto Developers, Inc.* v. *Environmental Impact Commission*, supra, 220 Conn. 56, we were presented with the issue of whether "between the parties" means that the consent of all the parties is

_____

[6] The revised stipulation provided for the withdrawal of the entire appeal. The trial court's order dated June 17, 1996, provided for the withdrawal of the appeal as to the conservation commission only. In its judgment dated the same day, the court rendered judgment in favor of the plaintiff and the conservation commission, and against the commissioner.

Despite the conflicts among the revised stipulation, the order and the judgment, we recognize that the trial court intended to approve the stipulation and to allow the withdrawal of the appeal as to the conservation commission.

required before the court may approve a settlement of an appeal pursuant to § 22a-43 (c). In that case, a developer submitted two applications for a wetlands permit, both of which were denied by the city's inland wetlands agency. Id. The developer appealed from both denials to the Superior Court, and a neighborhood association intervened in both of the administrative appeals. Id., 56–57. The developer and the agency agreed to a settlement that provided for the withdrawal of the first appeal and the granting of a wetlands permit in the second appeal. Id., 57. The association objected to the terms of the settlement, but the trial court nonetheless rendered judgment approving the settlement. Id. We reversed the judgment of the trial court and held that "between the parties"[7] means that the consent of all the parties to the appeal is a condition precedent to the court's approval of any settlement of that appeal pursuant to § 22a-43 (c). Id., 60–61.

The conservation commission first argues that *Ralto Developers, Inc.*, is distinguishable because it involved a "settlement" of an appeal, whereas the present case involves only a "withdrawal" of an appeal. The conservation commission argues that, although § 22a-43 (c) requires the consent of all parties before the court may approve the settlement of an appeal, such consent is not required before the court may approve a simple withdrawal of the appeal. Although we agree with the conservation commission that the consent of all the parties is not a condition precedent to court approval of the withdrawal of an appeal, we disagree with its characterization of the revised stipulation in the present case as a simple withdrawal.

---

[7] In *Ralto Developers, Inc.* v. *Environmental Impact Commission*, supra, 220 Conn. 60–61 n.4, we noted that the use of the word "between," rather than "among," was not meant to limit its meaning to two, rather than more than two, parties, and that it expressed "the relation of a thing to many surrounding things severally and individually . . . ." (Internal quotation marks omitted.)

The plain language of § 22a-43 (c) distinguishes between withdrawals and settlements. It provides that, although a withdrawal requires only the approval of the trial court following a hearing, a settlement must be "between the parties" and be approved by the trial court following a hearing.[8] A withdrawal of an appeal taken under § 22a-43 (a) is ordinarily just that, a withdrawal. It is an act by the party who instituted the appeal, and is ordinarily accomplished unilaterally by that party in the absence of a statute such as § 22a-43 (c) or some other rule of law limiting the authority to withdraw unilaterally. A settlement of an appeal taken under § 22a-43 (a), however, is an agreement, the terms of which affect the underlying decision, the disposition of the appeal, or both. The fact that a proposed disposition of an appeal includes the withdrawal of the appeal does not necessarily mean that the proposed disposition is a simple withdrawal and not a settlement of the appeal. Further, whether the proposed disposition of an appeal is a withdrawal or a settlement must be determined on a case-by-case basis. That determination presents a question of law on which our scope of review is plenary. See *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 264, 684 A.2d 693 (1996) (construction of pleadings presents question of law on which appellate review is plenary).

In the present case, a simple withdrawal would have operated to reinstate the conservation commission's denial of the plaintiff's application for a wetlands permit. The revised stipulation did not operate to reinstate

[8] The issue as framed in *Ralto Developers, Inc.* v. *Environmental Impact Commission*, supra, 220 Conn. 55–56, can be read to suggest that withdrawals also require agreement of the parties before they may be approved by the trial court. Under the analysis in that case of the statutory language, however, and consistent with the language of the statute, only settlements require the agreement of all the parties to the appeal under § 22a-43 (c) before approval by the court can be granted, because only settlements operate " 'between the parties.' " Id., 60–61.

the previous denial, but, instead, provided that the denial was to be rendered void. Furthermore, the revised stipulation outlined detailed procedures for handling any future application by the plaintiff. For example, the revised stipulation provided that the conservation commission would request that the department of environmental protection review any future application by the plaintiff, conduct a site visit and issue a report regarding any wetlands impact posed by the application. In addition, the revised stipulation provided that, in the event the department of environmental protection refused to review the application, the conservation commission would draft a list of experts to be chosen and paid for by the plaintiff. Finally, the revised stipulation provided for certain procedures to be followed by the conservation commission in determining whether it had jurisdiction over a future application by the plaintiff. We conclude that the revised stipulation constituted a settlement of the appeal, and not merely a withdrawal of the appeal, because it affected the underlying decision and altered the procedural rights of the plaintiff and the conservation commission with respect to each other regarding the handling of a future application by the plaintiff.

The conservation commission next argues that even if the revised stipulation constitutes a settlement, the consent of all the parties is not required because the revised stipulation did not modify the underlying decision from which the plaintiff appealed. In support of this argument, the conservation commission points to our conclusion in *Ralto Developers, Inc.* v. *Environmental Impact Commission*, supra, 220 Conn. 58, that "§ 22a-43 (c) requires the consent of all parties to an appeal . . . from a decision of an inland wetlands agency when the settlement agreement modifies the decision of that agency." The conservation commission seeks to distinguish *Ralto Developers, Inc.*, on the

ground that it involved a settlement that modified an inland wetlands agency's decision by providing that the decision would be reversed and a wetlands permit would be granted. The conservation commission contends that the revised stipulation in the present case did not modify its decision to deny the plaintiff's application, but, rather, operated to return the parties to their original positions that existed prior to his application. The conservation commission further contends that because the revised stipulation did not modify the underlying decision, the consent of all the parties was not required. We disagree.

First, even if we were to agree with the conservation commission's narrow interpretation of *Ralto Developers, Inc.*, we would conclude that the revised stipulation operated to modify the conservation commission's decision because it provided that the decision would be declared void. We cannot agree that completely voiding the decision did not "modify" it. Second, and more fundamentally, we construe *Ralto Developers, Inc.*, more broadly. In that case, we held that "[s]ection 22a-43 (c) provides that '[n]o appeal [from an inland wetlands agency decision] shall be withdrawn and *no settlement between the parties to any such appeal shall be effective*' without court approval of 'such proposed withdrawal or settlement' after a hearing. . . . The legislative intent is clear that a settlement agreement 'between the parties' to the appeal is a condition precedent for approval of any settlement involving withdrawal of the appeal." (Emphasis in original.) Id., 60–61. Thus, the holding of *Ralto Developers, Inc.*, is broader than the conservation commission claims. *Any* settlement requires the consent of all the parties before the trial court may approve that settlement pursuant to § 22a-43 (c). The language relied on by the conservation commission derives from the application of that holding to the facts of that case.

Turning to the present case, we conclude that *Ralto Developers, Inc.*, is directly on point. The conservation commission denied the plaintiff's application for a wetlands permit, and the plaintiff filed an administrative appeal with the Superior Court pursuant to § 22a-43 (a). The commissioner intervened in, and became a party to, that appeal. Following settlement negotiations, the plaintiff filed a motion to withdraw his appeal in accordance with the revised stipulation signed only by the plaintiff and the conservation commission. Having already determined that the revised stipulation constituted a settlement of the plaintiff's appeal, we conclude that the consent of all the parties, including the commissioner, was required pursuant to § 22a-43 (c) before the trial court could approve the revised stipulation. Accordingly, we conclude that the trial court improperly rendered judgment approving the revised stipulation in the absence of the commissioner's consent.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.