[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum Filed
Brookridge District Association (hereinafter "Brookridge"), moves to intervene in this pending appeal by plaintiff Pathways, Inc. (hereinafter "Pathways"), from a decision of the defendant Greenwich Planning Zoning Commission (hereinafter "Commission").
The facts are as follows: Pathways applied to the Commission on March 10, 1999, for a special permit and site plan approval for an addition and conversion of an existing eight bedroom residence for use as a convalescent home for sixteen mentally handicapped individuals at 509 East Putnam Avenue, Greenwich, in a R-20 zone. The Commission denied the application on June 23, 1999. Pathways appealed that decision to this court on July 9, 1999. Subsequently, Pathways and the Commission entered into discussions to settle the case and the Commission elected to discuss the prospects of settlement in one of its public meetings.
Brookridge, composed of owners of residences in the immediate area of the subject property, stated in its motion one of its primary purposes is to safeguard the single family character of the neighborhood. When the matter of settlement of this case by the parties hereto was placed on the Commission's agenda, Brookridge, on January 21, 2000, moved to intervene.
The courts of Connecticut have generally been liberal in permitting abutting owners of real property to be made parties in zoning matters.Buckey v. Zoning Board of Appeals, 33 Conn. Sup. 606, 607 (1976). However, while the applicant for the zone change is a necessary party and has the right to intervene, neighboring land owners cannot meet the test for intervention as of right because they are not indispensable or necessary parties and the court can decide the appeal without them. Jonesv. Ricker, 172 Conn. 572, 575 (1977); Buckey v. Zoning Board of Appeals,supra, 607-08. 9a Fuller, Robert A., Land Use Law and Practice (1999), Section 27.12 p. 57-58. As for permissive intervention, the Supreme Court in Horton v. Meskill, 187 Conn. 187, 197 (1982), stated the following factors can be considered including the timeliness of the intervention, the proposed intervenor's interest in the controversy, the adequacy of representation of such interest by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court. CT Page 4864-bx
Both the plaintiff Pathways and the defendant the Commission oppose the intervention on the grounds that it is not timely, would delay the proceedings, prejudice existing parties, and impede resolution of the controversy before the court.
The critical fact is that the existing parties have entered into a stipulation of settlement. Since Brookridge has clearly indicated in its papers that it opposes the settlement, allowing it to be made a party at this time would prevent any settlement at all. Ralto Developers Inc. v.Environmental Impact Commission, 220 Conn. 54 (1999) holds that when a third party has been permitted to intervene, consent is required of him before the court may approve a settlement or withdrawal of an appeal, pursuant to Connecticut General Statutes § 8-8(n). Consequently allowing Brookridge to intervene would clearly delay this appeal considerably and deny the existing parties the opportunity to reach a quick and mutually agreeable end to the dispute. Mead School for HumanDevelopment Inc. v. Zoning Board of Appeals of the City of Stamford, 18 Conn.L.Rptr., No. 7,260,261 (January 27, 1997) (Karazian, J.).
In exercising its discretion to allow intervention, the court has a right to consider the powerful special interest in promoting settlement of litigation by agreement of the parties. As the court said in Sendakv. Planning and Zoning Commission, 7 Conn. App. 238, 243 (1986), "Our Supreme Court is clearly recognized that this interest (in promoting settlement of litigation by agreement] applies to administrative proceedings by explicitly approving a stipulation for judgment in an administrative appeal then pending before it. See Hartford v. HartfordElectric Light Company, 173 Conn. 340, 377 (1977). This interest would be seriously undercut if, after a planning commission has in good faith settled a pending appeal by agreeing to a stipulated judgment, that settlement could be challenged by a subsequent appeal by third parties."
Brookridge is not without the opportunity in these proceedings to have its purported interests protected. Section 8-8n provides: "No appeal taken under subsection (b) of this section shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement." That section is designed to protect anyone whose interest might be effected by the settlement, both parties to the appeal and nonparties. ChrysalisCenter, Inc. v. City of Hartford Zoning Board of Appeals, 11 Conn. L. Rptr. No. 12, 374. 375 (May 30, 1994) (Maloney, J.). As stated in Levinev. Plan and Zoning Commission, 25 Conn. App. 199, 203 (1991), "The CT Page 4864-by purpose of the statute is to ensure that zoning matters can be scrutinized by the public by means of a public record. It is the trial court, not the parties, which must approve settlements of zoning cases."
Thus, Brookridge may request an opportunity to be heard at the §8-8(n) hearing (Chrysalis Center, Inc. v. City of Hartford Zoning Boardof Appeals, supra), when the court will consider the public interest in making its decision on whether or not to approve the settlement. MeadSchool for Human Development Inc. v. Zoning Board of Appeals ofStamford, supra, at 261.
Based on the foregoing, the court denies the motion to intervene.