[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO WITHDRAW (#133)
The plaintiffs, Grade-A-Market CT Limited Partnership and Stampar Associates, LLC, move to withdraw their current appeal to the Superior Court from the decision of the defendant, the Zoning Board of Appeals of the City of Stamford, pursuant to subsection (in) of P.A. No. 00-108 § 2, formerly General Statutes § 8-8 (n).[1] The defendants, Frank Bongiorno, George Bongiorno, Maurice Nizzardo and Bongiorno Supermarket, Inc. object to the motion. The current appeal is based on a decision by the Stamford ZBA to deny the permits issued to the plaintiffs by the Stamford Zoning Enforcement Officer to construct a proposed store in which the issue is whether the structure is a "food shop, retail" under the Stamford zoning regulations. Next week, on November 8, 2000, CT Page 13492 the parties are scheduled to appear before the Stamford ZBA on a second application for building permits concerning the same issues. As a result, the plaintiffs, for all intents and purposes, have abandoned the first application which is the subject of the current pending appeal. The plaintiffs no longer wish to prosecute the action in this case.
The narrowly focused question upon this motion is whether total party consent is necessary for judicial approval of withdrawal under the statute. In Trost v. Conservation Commission, 242 Conn. 335, 341,698 A.2d 832 (1997), the court analyzed General Statutes § 22a-43
(c), identical in its language to subsection (in) of P.A. No. 00-108 § 2, and General Statutes § 8-8 (n) and stated: "Although weagree with the conservation commission that the consent of all theparties is not a condition precedent to court approval of the withdrawalof an appeal, we disagree with its characterization of the revisedstipulation in the present case as a simple withdrawal." (Emphasis added.) "The fact that a proposed disposition of an appeal includes the withdrawal of the appeal does not necessarily mean that the proposed disposition is a simple withdrawal and not a settlement of the appeal. Further, whether the proposed disposition of an appeal is a withdrawal or a settlement must be determined on a case-by-case basis." Id., 342. "Thus, the holding of Ralto Developers, Inc., is broader than the conservation commission claims. Any settlement requires the consent of all the parties before the trial court may approve that settlement
pursuant to § 22a-43 (c)." (Emphasis added.) Id., 344. Additionally, the Connecticut Supreme and Appellate courts, in similar situations, have only sanctioned the consent requirement in settlements, not withdrawals. See Willimantic Car Wash, Inc. v. Zoning Board of Appeals, 247 Conn. 732,724 A.2d 1108 (1999) (facts involved General Statutes § 8-8 (n) and a settlement); Ralto Developers, Inc. v. Environmental Impact Commission,220 Conn. 54, 594 A.2d 981 (1991) (facts involved General Statutes §22a-43 (c) and a settlement); and Dietzel v. Planning Commission,60 Conn. App. 153, ___ A.2d ___ (2000) (facts involved General Statutes §§ 22a-19 (a) and 8-8 (n) and a settlement).
Moreover, in Boco Enterprises v. Greenwich Town ZBA, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 115558 (March 16, 1992, Rush, J.), the court, pursuant to General Statutes § 8-8 (n), granted the plaintiffs' withdrawal of their first zoning appeal despite the defendants' objection. The court noted: "The purpose of the Statute is to ensure that zoning matters can be scrutinized by the public means of a `public record' and prevents `side' or secret settlements by the parties once there has been an appeal to the Trial Court." See also Levine v. Plan Zoning Commission, 25 Conn. App. 199,203, 594 A.2d 9 (1991); and Sendak v. Planning Zoning Commission,7 Conn. App. 238, 243 n. 1, 508 A.2d 781 (1986). CT Page 13493
Here, the plaintiffs are simply withdrawing. It is neither necessary that all parties agree to the withdrawal nor is there any evidence of a secret settlement agreement between the parties. Indeed, this can only be characterized as a mere withdrawal since no disposition is being offered concerning this appeal and the parties are litigating over another application in front of the zoning board. The plaintiffs should not be "forced" to continue on a course they no longer wish to pursue. Therefore, the plaintiffs motion to withdraw the appeal is hereby granted.
KARAZIN, J.