[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Brycorp, Inc., (hereinafter Brycorp) is the owner of approximately 36.64 acres of land in the Town of Harwinton. On or about October 6, 1999, Brycorp submitted an application for subdivision to the Zoning Commission of the Town of Harwinton. At a meeting of the Zoning CT Page 7346 Commission on January 5, 2000 Brycorp's application for subdivision was denied, Subsequently, Brycorp, as an aggrieved party, filed its appeal of the denial of its application for subdivision to this court.
A motion to intervene and to be granted party status in this matter was filed by several abutting landowners to the subject parcel. This court, Walsh, J., granted the motion to intervene as to Brad and Leigh Cahill and Michael and Rita Petroro.
On November 2, 2000, Brycorp filed a Motion For Judgment in Accordance with Stipulation. The basis for this motion is that Brycorp and the defendant, Planning and Zoning Commission of the Town of Harwinton, had entered into a written stipulation in settlement of Brycorp's appeal. However, the intervening defendants, the Cahills and the Petroros, were not parties to the settlement and did file an objection to the motion.
A hearing was scheduled pursuant to General Statues (Rev, to 2000) § 8-8(m)[1] which requires a hearing before the court before a settlement may be approved. A the hearing Brycorp and the Town of Harwinton presented evidence in support of the settlement agreement. The intervening defendants, the Cahills and the Petroros, objected to the settlement, basing their objection on the fact that they were not "parties" to the settlement agreement.
The court has reviewed the cases cited by all the parties. There have been no appellate cases that have interpreted § 8-8(m) or its predecessor § 8-8(n) regarding the issue of a settlement agreement requiring that all the "parties" consent in a zoning matter. WillimanticCar Wash, Inc. v. Zoning Board, 247 Conn. 732 (1999) focused on the hearing requirement for the approval of a settlement agreement and the court finds is not dispositive of the issue before this court.
The court next reviews Ralto Developers Inc. v. Environmental ImpactCommission, 220 Conn. 54 (1991) and Trost v. Conservation Commission,242 Conn. 335 (1997). Both the Ralto and Trost cases, were appeals from denials of inland wetlands permit applications from conservation commission decisions pursuant to § 22a-43. In both cases, a settlement agreement had been reached by the plaintiff and the respective conservation commission, but other parties to the court action had objected, and therefore, were not "parties" to settlement.
A review of the language in § 22a-43(c)[2] reveals that the language in this section is identical to the language in § 8-8(m).
In Ralto, supra at 60-61, the Court, after analysis of § 22a-43(L) concluded that the legislative intent was clear that a settlement CT Page 7347 agreement "between the parties" to an appeal is a condition precedent for approval of any appeal and therefore, if any party to the cause of action is not a party to the settlement agreement then the court is not empowered by the statute to approve the settlement. Furthermore, inTrost, supra at 344, in interpreting the Ralto case concluded as follows: "Any settlement requires the consent of all the parties before the trial court may approve that settlement pursuant to § 22a-43(c)." (Emphasis added.)
This court concludes that because all the parties to this cause of action have not consented to the settlement agreement that has been filed, this court is not statutorily empowered to approve the settlement agreement pursuant to § 8-8(m). Therefore, the plaintiff's Motion to Judgment in Accordance with Stipulation is denied.
AGATI, JUDGE